MARGARET McCALLUM v. TOWNSHIP OF BETHANY.

*Supervisor's certificate to assessment roll—Action for unpaid taxes.*

Comp. L., § 991, requires a supervisor, on completing an assessment roll, to certify in effect that he 'has set down all the real estate liable to be taxed according to his best information,' and that 'the roll contains *a true statement of* the aggregate valuation of the taxable personal estate.' A supervisor omitted the italicised words and certified that he had set down the real estate 'according to his best [judgment and] information.' *Held* that these variations from the authorized form did not invalidate the certificate.

Comp. L., § 1014, allows an action to be brought for personal taxes whenever they are returned unpaid by the town treasurer. *Held* that the treasurer's warrant for their collection must be exhausted before suit.

Error to Gratiot. Submitted Jan. 8. Decided Jan. 13.

ASSUMPSIT for unpaid taxes. Defendant brings error.

*C. J. Willett* and *J. K. Wright* for plaintiffs in error. The statutory form prescribed by Comp. L., § 991, for the supervisor's certificate to an assessment roll, must be followed, Cooley on Taxation, 239, 290; *Clark v. Crane,* 5 Mich., 151; *Warren v. Grand Haven,* 30 Mich., 30; *Hogelskamp v. Weeks,* 37 Mich., 426.

*S. J. Scott* and *N. Leonard* for defendant in error.

CAMPBELL, J. The township of Bethany sued plaintiff in error for an unpaid tax on personal property, and recovered judgment before a justice, which was affirmed on appeal. In the circuit court certain exceptions were taken to the form of the supervisor's certificate, the warrant to the treasurer, and the failure to show a return of non-payment.

The form of the supervisor's certificate is in terms identical with the one set out in section 991 of the Compiled Laws, except that where that speaks of acting according

to his best information, he adds further that it was according to his best judgment; and instead of mentioning the contents of the roll as containing a "*true statement* of the aggregate valuation," he says it contains the aggregate valuation; following it up with the statutory averments showing how the true valuation is obtained.

The certificate contains everything necessary under the statute, which does not prescribe any form but merely gives one which is allowable, as containing what is necessary. The criticisms made on the certificate are altogether too nice, and are unfounded.

The case does not show very clearly upon what grounds the renewal of the treasurer's warrant is attacked, and as on another trial no doubt the evidence will be put in more fully, we shall not discuss that matter.

The suit was not shown to have been authorized under the statute. By section 1014 of the Compiled Laws it is provided that an action may be brought for personal taxes whenever they are returned unpaid by the town treasurer. The warrant in the hands of the treasurer is itself in the nature of an execution, and while there may be property which cannot be reached by it, it is nevertheless a remedy which the law requires to be exhausted before the further remedy by suit is permitted. The action is regulated by statute, and can only be brought as the statute provides.

The failure therefore to show the return of the taxes unpaid, was fatal to the recovery. Upon a new trial it is probable this defect will be remedied, but for this error the judgment must be reversed with costs and a new trial granted.

The other Justices concurred.