JOSIAH MOGG v. WINFIELD S. HALL.

*Taxes—Seizure of property—Liability of treasurer—Drains—Law of 1885—Reassessment of tax—Constitutional law.*

1. A township treasurer is not liable in trover for property seized under a tax roll and warrant fair upon their face.

2. The drain law of 1885 (Act No. 227), in so far as it provides that drain taxes levied under the drain law of 1881 (Act No. 269) shall be a personal claim against the land-owner until paid, is invalid.

3. A tax roll and warrant under which the treasurer is commanded

to collect of a land-owner reassessed drain taxes originally levied under the drain law of 1881, which facts appear upon the roll and warrant, are not fair upon their face, the officer being charged with the invalidity of Act No. 227, Laws of 1885, under which he has seized property to satisfy said tax.

Error to Clinton. (Daboll, J.) Argued May 14, 1890. Decided December 24, 1890.

Trover. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Fedewa & Lyon,* for appellant.

*Spaulding & Walbridge* and *Auten & Moss,* for defendant.

[The points of counsel and authorities are stated in the opinion.—REPORTER.]

MORSE, J. Plaintiff sued defendant in trover · in justice's court for the conversion of a cow, in January, 1889. Defendant, who is the treasurer of the township of Duplain, Clinton county, seized and sold the cow to satisfy a drain tax of $16.88 upon the tax roll of that township for the year 1888, and reassessed from the year 1884. The case went to the circuit court of Clinton county, where the circuit judge directed a verdict for defendant.

The defendant does not attempt to defend the legality of the tax, but claims that the tax roll was fair upon its face, and, therefore, a complete defense in this action to the officer acting under it. The plaintiff answers that a tax collector is bound to know the law, and, if a statute under which a tax is placed upon his roll is unconstitutional and void, the collector is held to know it, and is liable in trespass or trover for seizure of property to satisfy the tax, notwithstanding the roll and warrant are fair on their face in all other respects; and

83 MICH—37.

he also insists that the tax roll was not regular upon its face. We think the inquiry here must be restricted to the question whether the warrant was fair upon its face. If it was, the collector cannot be made liable in an action of trover. *Beach v. Botsford,* 1 Doug. 199; *Tweed v. Metcalf,* 4 Mich. 579; *LeRoy v. Railway,* 18 Id. 234; *Bird v. Perkins,* 33 Id. 28; *Wood v. Thomas,* 38 Id. 686; *Byles v. Genung,* 52 Id. 504. The cases cited by plaintiff are in harmony with the doctrine enunciated as above. See *Smith v. Bank,* 17 Mich. 479; *Hagenbuch v. Howard,* 34 Id. 1; *First National Bank v. Watkins,* 21 Id. 483. Two of these are cases where the tax warrants were void on their face, being issued under and referring to a special statute which was unconstitutional. In *Bank v. Watkins, supra,* the warrant of the Auditor General was issued under a special statute, and showed on its face the source and extent of the authority asserted, by referring expressly to the legislative act.

The tax in question appeared on the copy of the assessment roll for 1888, being the official collection roll deposited by the defendant, as township treasurer, with the county treasurer, as required by law, assessed to Josiah Mogg, under column headed "Name of Owner or Occupant." "Description N. ½ of N. W. ¼, Sec. 21. Drain tax, Squire's drain, $16.88." The warrant attached to this roll commanded the treasurer, among other things, to collect—

"The further sum of rejected tax for the year 1884, the sum of $75.38 on Squire's drain; retain in your hands and pay on the order of township drain commissioner."

It also appeared from the roll that $58.50 was reassessed on other lands for drain taxes for said Squire's drain, for rejected taxes of 1884, making with the $16.88 the total

of $75.38. The plaintiff offered to show that he did not at any time own any of the land so assessed until March 21, 1887, when the N. ½ of the N. W. ¼ of section 21 was deeded to himself and Nellie Mogg, his wife, and that said Squire's drain does not traverse or touch the N. W. ¼ of 21, and that he never had any notice of any proceedings in reference to said drain until the defendant, as township treasurer, demanded payment of the tax. All of this offered testimony was ruled out. Plaintiff's counsel also offered in evidence the certificate of the clerk of the board of supervisors attached to said collector's tax roll, which reads as follows:

"STATE OF MICHIGAN,
"Clinton county, clerk's office, } ss.
"I hereby certify that the following is a true statement of the State, county, township, fractional district, and other taxes to be raised in the township of Duplain for the year 1888, as determined by the board of supervisors:
"State tax, etc., etc., —— —. Drain tax assessed to Josiah Mogg on the N. W. ¼, sec. 21, $41.88.
"Dated —— —, 1888.
"CHARLES H. PALMER,
"Clerk of the Board of Supervisors,
"Clinton Co., Michigan."

Plaintiff's counsel also offered in evidence a portion of said assessment roll at the close of the drain special assessment rolls, which follow the descriptions in the general roll, being the following certificate or statement of the supervisor:

"Also I have spread upon the annual assessment roll of said township for the year 1888, by order of the board of supervisors, reassessment on Squire's drain for the year 1884, on the following described lands, to wit:

| Name of owner or occupant. | Description. | Sec. | Town. | Range. | Total of Taxes. |
|---|---|---|---|---|---|
| Mogg, Josiah | N. W. ¼ | 21 | 8 | 1 West | $41.88 |

Defendant's counsel objected to the testimony as irrel-

evant and immaterial as not an essential part of the roll, and hence as not being any notice to defendant, which objection was sustained and exception taken by plaintiff·

The drain law of 1881, under which the tax of 1884 was assessed and laid, did not contain any provision making the drain tax a personal claim against the owner of the land in so many words; nor did the law contain any provision, as in the law of 1885, that the taxes should be collected in the same manner as State and other general taxes are collected, and no power or authority was vested in the township treasurer to seize and sell personal property of the owner of the land to satisfy such tax as in the case of the collection of general taxes. It provided simply that, if the taxes were not collected, the land should be returned to the county treasurer, and the manner of such return is specified. Section 23, Act No. 269, Laws of 1881, p. 374. The taxes are also made a perpetual lien upon the land until paid. Section 26. Under this law, the property of the then owner of the land could not have been seized and sold to satisfy the tax. If not paid, the only thing the collector could do was to return the lands. The tax was one levied upon the land, and not against the owner. This is further shown by the fact that, in the law of 1885, these taxes were expressly made a personal claim against the owner, and provision made for their collection as against him the same as other taxes are collected. Act No. 227, Laws of 1885, chap. 6, § 6, p. 326 (3 How. Stat. § 1740/6). This is an indication that the Legislature construed the act of 1881 as deficient in this respect. It was also provided in the act of 1885 that all drain taxes "properly returned to the county treasurer," and remaining unpaid, "may be ordered charged back by the board of supervisors, and reassessed upon such lands, in the same manner that unpaid or rejected taxes may be charged back by the Auditor Gen-

eral and reassessed under the general provisions of law."
This provision is expressly made to apply to taxes assessed
under the act of 1881 as well as under the act of 1885.
Id. chap. 6, § 14, p. 328 (3 How. Stat. § 1740*g*4).

The plaintiff contends that the certificate of the clerk
of the board of supervisors, and also the certificate of the
supervisor, should have been admitted in evidence, and
that they were notice to the treasurer, not only that this
tax was assessed to plaintiff under section 14 of chapter
6 of the drain act of 1885, as a reassessment of a tax laid
in 1884, but also that by the action of the board of super-
visors the whole of the N. W. ¼ of section 21 was assessed
to the plaintiff, and the taxes laid at $41.88, and
that there was no warrant for the township supervisor
placing the tax in question upon the roll, to wit, $16.88
upon N. ½ of N. W. ¼ of section 21 to Josiah Mogg.
This last claim if good, would end the case in favor of
plaintiff, as the defendant would have had notice upon
the face of the tax roll that the assessment and levy as
made was unwarranted, not being authorized by the board
of supervisors. But the defendant's contention is that
the certificate of the clerk of the board of supervisors as
well as the certificate of the township supervisor do not
belong on the tax roll of the treasurer, and form no part
of the collector's official roll. *Sibley v. Smith,* 2 Mich.
486; *Tweed v. Metcalf,* 4 Id. 579; *Clark v. Axford,* 5 Id.
182, 187; *Bird v. Perkins,* 33 Id. 28; *Boyce v. Sebring,*
66 Id. 211, 216. But the roll of the treasurer showed
without reference to these certificates that the tax assessed
against Mogg was a drain tax, and the warrant under
which he attempted to make the collection showed further
that this drain tax on account of "Squire's Drain" was
for the rejected taxes of 1884. The collector, the defend-
ant, must be presumed to take notice of the law. He
was therefore informed by his roll and warrant that this

$16.88, which was the basis of the levy upon the plaintiff's cow, was assessed by the authority of the act of 1885.

When this tax was originally assessed, in 1884, under the law of 1881, as before said, it could not have been made a personal claim against the owner of the land. It was never levied against him, but against the land. The law of 1885 undertakes to make these taxes a personal claim against the owner of the land as follows:

"Sec. 6. All drain taxes assessed under the provisions of this act shall be collected in the same manner as State and other general taxes are collected, and collecting officers are hereby vested with the same power and authority in the collection of such taxes as are or may be conferred by law for collecting general taxes. All taxes levied under the provisions of this act, or of Act No. 269 of the Session Laws of 1881, with all lawful costs, interest, and charges, shall be and remain a perpetual lien upon the lands upon which they are assessed,. and a personal claim against the owner or owners of such. lands, until they are paid." Laws of 1885, p. 326.

This act could not have the retrospective action contemplated in this section 6. Taxes levied after the act. went into effect may properly be made a personal claim,. but the rejected taxes of 1884, reassessed under the act of 1885, cannot, in our opinion, be made a personal claim against the owner of the land. Of this invalidity of the law the defendant must be deemed to have had knowledge under the rulings of this Court in *Smith v. Bank*, 17 Mich. 479; *Hagenbuch v. Howard*, 34 Id. 1; *First National Bank v. Watkins*, 21 Id. 483. The tax roll and warrant were not fair on their face, as they carried with their recitals the knowledge to the defendant that he had no right to enforce the collection of this tax by a seizure of personal property.

The judgment of the court below is reversed, and a new trial granted, with costs of this Court to plaintiff.

It is not necessary to notice the other assignments of error, as the plaintiff upon such new trial will clearly be entitled to judgment as claimed.

The other Justices concurred.