THE CITY OF MUSKEGON v. THE S. K. MARTIN LUMBER COMPANY (A CORPORATION).

*Taxes—Suit for collection—Warrant of county treasurer—Return —Evidence—Costs.*

1. A city (township) treasurer may testify to the *fact* and time of making a return or statement of unpaid personal property taxes to the county treasurer in a suit for their collection.

2. In a suit by a township treasurer for the collection of a personal property tax, brought under section 35,[1] of the tax law of 1885, the production and identification of the tax roll, and

---

[1] Section 35 provides for the collection of taxes by seizure and sale of the property of the person to whom they are assessed on his refusal or neglect to make payment, and authorizes the township treasurer, if otherwise unable to collect a tax upon personal property, to sue the person to whom it is assessed, in the name of the township, and makes the tax roll *prima facie* evidence of the debt sought to be recovered.

86 MICH—40.

of the assessment and levy of such a tax thereon against the defendant, makes a *prima facie* case for the plaintiff.

3. Where a city treasurer bases his right to bring a suit for the collection of a personal property tax upon section 47[1] of the tax law of 1885, and the supplemental warrant issued to him thereunder by the county treasurer, he must show that he made a verified return or statement of the unpaid personal property taxes remaining upon his roll, pursuant to section 44 of the act; and the statutory presumptions arising under section 89 of said tax law do not apply to such a case.[2]

4. Where a city treasurer institutes a suit for the collection of personal property taxes in the name of the municipality without authority, no costs can be awarded against it upon a reversal of the judgment.

Error to Muskegon. (Dickerman, J.)   Argued May 15, 1891.   Decided July 28, 1891.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*H. L. Delano,* for appellant.

*DeLong & O'Hara,* for plaintiff.

CHAMPLIN, C. J.   This suit is brought to recover the taxes assessed against defendant upon the general tax roll for the year 1889 of the city of Muskegon. Samuel H. Stevens was city treasurer, and by virtue of that office collector of the taxes.

Defendant, a foreign corporation, organized under the laws of the state of Illinois, was assessed upon the assessment roll for personal estate upon a valuation of $48,000, and State, county, city, and school taxes were

---

[1] Section 47 authorizes the county treasurer to give to the township treasurer a statement of all of the personal taxes which remain uncollected, taken from his return made under section 44 of the act, with a warrant authorizing him or his successor to collect such taxes according to law, and gives to the township treasurer or his successor the same power to make such collection as he had under his original warrant.

[2] See *Port Huron v. Potts,* 78 Mich. 435.

levied against it, and extended upon the tax roll, amounting in the aggregate to $1,660.43. The treasurer, being unable to find personal property belonging to the corporation whereupon he could levy the same, returned the taxes to the county treasurer. The county treasurer thereupon gave to the city treasurer a statement of all the personal taxes in the city remaining uncollected taken from the return of the latter, with a warrant authorizing him to collect them according to law. This statement embraced, among others, the taxes assessed against defendant corporation. The warrant is dated March 17, 1890. The city treasurer endeavored to collect the tax, and called upon S. K. Martin, its president. He did not pay, and claimed that the tax was excessive; and, further, that he had no personal property there. Stevens testified that he could find no property belonging to the company whereon to levy, and, acting under the advice of the city attorney, commenced this suit on May 29, 1890.

Upon the trial of the cause the original tax roll for the year 1889, returned to and filed with the county treasurer, containing the assessment and taxes against defendant, was introduced in evidence. No jurisdictional defects were pointed out in this roll, or in the proceedings upon which the assessment was based. The statement of uncollected taxes upon personal property for the year 1889, with the warrant of the county treasurer annexed, in which statement the assessment and taxes against defendant appeared, was also offered in evidence.[1] We think the objections to the introduction of these documents were not well taken. The objection to the latter went rather to the order of proof than to the relevancy of the statement and warrant.

[1] This statement was made by the county treasurer from the return of the city treasurer, pursuant to the last paragraph of section 47 of the tax law of 1885.

The witness Stevens was permitted to testify to the fact that he made a return of the tax roll to the county treasurer, and when he did so. This testimony was objected to in due season by defendant's counsel as incompetent, because, if he did make a return, the return would be the best evidence of the fact, and when it was made. The next question asked the witness was this:

"After having made your return of the roll that I have called your attention to,—the tax roll for the year 1889,—did you receive this statement and warrant from the county treasurer, marked 'Plaintiff's Exhibit 1?'"

Exhibit 1 is the statement of uncollected personal taxes, with the warrant annexed, given by the county treasurer to the city treasurer. The counsel for the defendant objected to the question, for the reason that it had not been shown that the city treasurer made such a return to the county treasurer as is required by the charter of the city of Muskegon or the general laws of the State of Michigan. The court overruled the objection, and the witness answered, "I did." It must be presumed that the expression, "made return of the roll," made use of, refers to the statements required by section 44, and referred to in section 45, of Act 153, Laws of 1885. These statements are public documents, and are necessarily brought to the cognizance of tribunals through the medium of human testimony, and such testimony must be limited to giving such a general description of the document as shall be sufficient to identify it, and deposing to the real evidence afforded by its visible state. Best, Ev. §§ 216, 223. The witness was not called upon to give the contents of the statements, nor to depose to the fact of verification. The statute required these statements to be made and verified in a certain manner, and the county treasurer was by the statute required to file them. The testimony was admissible.

Having shown the existence of such documents *eo nomine* in the proper office, and in the keeping of the proper custodian, the plaintiff relies upon the presumption of the regularity of such documents, which the statute declares shall exist in their favor, as establishing—

1. Not only the right of the city to sue for and recover this tax, but—

2. The authority of the city treasurer to institute suit for its recovery.

The two questions are independent of each other. In considering the first question, we must give effect to all the provisions of the statute bearing upon it. Section 26 of the act declares that the taxes assessed under the provisions of the act shall become at once a debt to the township from persons to whom they are assessed. The other provisions of the law are mere procedures to enforce the collection. Section 35 makes the tax roll *prima facie* evidence of the debt sought to be recovered, and section 90 enacts that—

" In any suit or proceeding to enforce or set aside any tax, such tax shall be held illegal only for one of the following reasons:

" 1. That no law authorizes such tax.

" 2. That the person or persons appointed to decide whether a tax shall be raised under a given law have acted without jurisdiction, or have not imposed the tax in question.

" 3. That the person or property assessed was exempt from the taxation in question, or was not assessed.

" 4. That the tax has been paid.

" 5. That the supervisor or board of review, in assessing a person or property for taxation, or in the apportionment of the tax to the person or property in question, acted fraudulently."

Under these provisions, a *prima facie* case is made in an action to enforce the payment of a tax levied upon an assessment of personal property by the production and

identification of the tax roll, and the assessment and levy of a tax thereon against the defendant.

The further question is that the city is not entitled to recover because the institution of the suit was unauthorized by any competent municipal authority. The only authority claimed is that derived under section 47 of the act; that is, the city treasurer claims the right to institute the suit by virtue of the statute and the warrant of the county treasurer. It follows that, if the warrant was unauthorized, the suit is also unauthorized. *Township of Port Huron v. Potts,* 78 Mich. 435. Under the above decision, the plaintiff must show that the statute relative to the verification of the statement was complied with; otherwise the warrant could not issue, and the city treasurer would have no authority to institute the suit. In this case the statement was not introduced by the plaintiff, and its counsel rely entirely upon the presumptions declared in section 89 of the act of 1885, which reads as follows:

"No tax assessed upon any property, or sale therefor, shall be held invalid on account of any irregularity in any assessment, or on account of any assessment or tax roll not having been made or proceeding had within the time required by law, or on account of the property having been assessed without the name of the owner, or in the name of any person other than the owner, or on account of any other irregularity, informality, or omission, or want of any matter of form or substance, in any proceeding, that does not prejudice the rights of the person whose property is taxed.   *   *   *   The absence of any record of any proceeding, or the omission of any mention in any record of any vote or proceeding, or of mention of any matter in any statement or certificate that should appear therein under the provisions of any law of this State, shall not affect the validity of any proceeding, tax, or title depending thereon: *Provided,* the fact that such vote or proceeding was had or tax authorized is shown by any other record, statement, or certificate made evidence by the terms of this act, or any other

law of this State. No tax, or sale of property for any tax, shall be rendered or held invalid by showing that any record, statement, certificate, affidavit, paper, or return cannot be found in the proper office; and, unless the contrary is affirmatively shown, the presumption shall be that such record was made, and such certificate, statement, affidavit, paper, or return was duly made and filed."

It will be noticed that this section applies and is restricted to taxes and tax sales. Neither the tax, nor a sale of property, shall be held invalid for irregularity in the assessment or absence of papers from the proper office, unless it is affirmatively shown that there was no record or the papers were not duly filed. In this case the validity of the tax is not questioned, and there has been no sale of property. The presumptions of the statute do not apply to the question before us. The statute does not say that no warrant issued by the county treasurer to the township or city treasurer to collect unpaid taxes on personal property shall be held invalid, unless, etc. It therefore rested upon the city treasurer to show that the warrant to him was authorized. He showed that a return was made and filed; he showed that the county treasurer gave him a statement of the personal taxes so returned which remained unpaid, and annexed thereto his warrant for the collection thereof; and he invokes the aid of the presumption that public officers correctly perform their official duties, and therefore the presumption is that he made the proper return, and that the county treasurer would not have delivered to him the statement and warrant unless the verification had been properly made. But this position is met and overcome by the principle that presumptions are never allowable when better evidence of a primary nature is required by law to be preserved. *People v. Treadway*, 17 Mich. 480, 485. He failed to show a valid warrant in his hands,

and consequently failed to show any authority for planting the suit in the name of the city.

It follows, further, that, if the suit was instituted in the name of the municipality without authority, no costs can be awarded against it upon a reversal of the judgment.

The judgment of the circuit court must be reversed, without costs to either party.

The other Justices concurred.

