TOWNSHIP OF DEERFIELD *v.* HARPER.

1. TAXES—ACTION BY TOWNSHIP—DEFENSES.

In a suit brought by a township, under the authority of its supervisor, to recover taxes upon personalty, it cannot be shown in defense that the defendant had personal property in the township out of which the township treasurer might have satisfied the claim for taxes, and that the treasurer did not, in his return, set up his inability to find such property.

2. SAME—TAX ROLL—IDENTIFICATION.

In a suit by a township to recover personal taxes, the testimony of the supervisor that he made the tax roll, delivered it to the township treasurer, and obtained it from the county treasurer's office for use upon the trial, sufficiently identifies the roll to justify its introduction in evidence.

3. SAME—FRAUDULENT ACTION OF BOARD OF REVIEW—NOTICE OF DEFENSE.

In a suit by a township to recover personal taxes, the defendant cannot show that the board of review acted fraudulently in raising the assessment made by the supervisor, unless he has given notice of such defense.

4. SAME—RESIDENCE—ROAD DISTRICTS—EVIDENCE.

Evidence as to the road district in which one was previously assessed for highway taxes is not admissible for the purpose of showing that he was not a resident of the district in which the assessment in question was made, as under 3 How. Stat. § 1361, the highway commissioner and the township board are authorized to divide the township into road districts, and may change them from year to year.

5. SAME—LOST RECORD—SECONDARY EVIDENCE—FOUNDATION.

Proof that the return of the highway taxes for a road district, which was procured for the purpose of a former trial from the township clerk, has been lost, does not, in view of 3 How. Stat. § 1416, requiring the filing of such return with the supervisor, lay a sufficient foundation for the introduction of parol proof as to its contents, unless it is shown that the return is not in the supervisor's office.

6. SAME—ONE-MILL TAX—VALUATION.

The one-mill school tax provided for by 3 How. Stat. § 5091, is to be determined by the assessed valuation fixed by the board

of review, and not by the equalized valuation fixed by the board of supervisors, in view of the requirement that the township clerk shall report to the director of each school district the amount of such tax before the 1st day of September.

Error to Shiawassee; Smith, J.   Submitted January 25, 1898.   Decided February 16, 1898.

*Assumpsit* by the township of Deerfield against William Harper to recover a tax on personal property. From a judgment for plaintiff, defendant brings error. Affirmed.

*A. E. Richards,* for appellant.

*Louis E. Howlett* and *Dennis Shields,* for appellee.

Grant, C. J.   Plaintiff sued defendant to recover taxes upon personal property assessed against him for the year 1895.

1. It is urged that this suit cannot be maintained because the township treasurer did not levy upon personal property of the defendant, which he claims to have had in the township, and that he made no return of his inability to find any.   This suit was not brought at the instance of the treasurer, but at the instance of the supervisor.   It is therefore ruled against the defendant by *Township of Bangor* v. *Smith Transportation Co.,* 112 Mich. 601.

2. Error is assigned upon the admission in evidence of the tax roll.   The supervisor who made the roll testified that it was made by him, that he delivered it to the township treasurer, and that he obtained it from the county treasurer's office for use upon the trial.   The identification was sufficient to justify its introduction.

3. Defendant sought to prove that the board of review acted fraudulently in raising the assessment made by the supervisor.   The testimony was properly excluded.   Defendant had given no notice of such a defense.   *Alpena National Bank* v. *Greenbaum,* 80 Mich. 1; *Morley* v.

*Insurance Co.*, 92 Mich. 590; *Miller* v. *Finley*, 26 Mich. 249 (12 Am. Rep. 306).

4. The principal issue in the case was whether defendant was a resident of the plaintiff township at the time of the assessment. Counsel for the defendant insists that the evidence conclusively establishes that he was not. The court assumed that the evidence was in conflict, and submitted it to the jury, who found against the defendant. It is unnecessary to detail the testimony. There was sufficient evidence to justify the verdict of the jury.

5. Defendant claimed that the highway tax assessed against him was illegal because he was not a resident of the road district where it was assessed. The testimony offered related to the district in which he had been previously assessed. Under 3 How. Stat. § 1361, the highway commissioner and the township board are authorized to divide the township into road districts. They may change these from year to year. The testimony offered did not relate to the year in which these taxes were assessed, and was properly excluded.

6. Defendant tendered parol proof of the contents of the return of the highway taxes for the district and year in question. The return was produced upon the former trial of the cause, and since then had been lost. This was the return in possession of the township clerk. 3 How. Stat. § 1416, requires that such return shall be filed with the supervisor. No attempt was made to show that no such return was in the supervisor's office. The proper foundation, therefore, was not laid for the introduction of secondary evidence.

7. The one-mill tax was placed upon the tax roll upon the assessment made by the board of review in May. Under this assessment the tax amounted to $667.88. At the annual October meeting, the board of supervisors reduced by a small amount the valuation of said township for that year, so that the mill tax upon that valuation would have amounted to $665,—a difference of $2.88. It is claimed that the equalized value by the board of super-

visors must prevail. The law (3 How. Stat. § 5091), which is an amendment of 1887, requires the township clerk to report to the director of each school district the amount of the one-mill tax before the 1st day of September. The object of this is to permit school districts, at their annual September meeting, to know the amount of money at their disposal for the ensuing year. We think that the law contemplates that this mill tax shall be determined by the assessed valuation fixed by the board of review, and not by the equalized valuation as fixed by the board of supervisors.

The judgment is affirmed.

The other Justices concurred.