CITY OF GRAND RAPIDS *v.* LAKE SHORE & MICHIGAN SOUTHERN RAILWAY CO.

1. PAVING TAX—RETROACTIVE LEGISLATION.

Taxes which are not a personal liability against the owner of the land at the time they are assessed and levied cannot be made so by a subsequent act of the legislature.

2. SAME—UNCONSTITUTIONAL LAW.

Act No. 443, Local Acts 1895, seeking to make certain railroads personally liable for a paving tax theretofore levied on their lands, is invalid.

Error to superior court of Grand Rapids; Newnham, J. Submitted October 9, 1901. (Docket Nos. 25, 26.) Decided April 8, 1902.

*Assumpsit* by the city of Grand Rapids against the Lake Shore & Michigan Southern Railway Company to recover certain assessments for public improvements. From a judgment for plaintiff for part of its claim, both parties bring error. Reversed in favor of defendant.

*Lant K. Salsbury*, for plaintiff.

*Fitz Gerald & Barry* (*Francis A. Stace*, of counsel), for defendant.

LONG, J. Plaintiff brought this action of *assumpsit* against the defendant railway company, claiming that it was personally liable for the payment of several special improvement assessments made at different times in the years 1892, 1893, and 1894. The declaration contains five counts, on five alleged separate, independent causes of action, arising out of five different special improvements. Plaintiff subsequently abandoned its claim under the fourth count. On the trial the court below took the case from the jury, and directed a verdict for the plaintiff on

the first count for the sum of $1,277.90,—being the amount claimed for the assessment for the pavement of West Bridge street, with interest from the date of the assessment,—but held the assessments for the improvements referred to in the remaining counts illegal and void. Both parties have appealed.

It appears that, at the time when the assessment for the improvement of West Bridge street was made, there was no provision in the city charter that such assessment should be a personal demand against the owner or occupant of the property assessed; the only method provided for enforcing collection being a sale of the property assessed. The mayor's warrant did not direct or authorize any proceedings by distress or suit or otherwise for the collection thereof. The assessment was made a lien on the land, and, if not paid voluntarily, the treasurer could do no more than to so certify in his return. This condition of the law was recognized by this court in the case of *Lake Shore & Mich. Southern R. Co.* v. *City of Grand Rapids*, 102 Mich. 374 (60 N. W. 767, 29 L. R. A. 195), in which case the city was enjoined from selling this same land for this same assessment. In this case, after reciting the provisions of the charter as to the sale of the land, the court said: "At the time of this assessment, no other means were provided by the charter for the collection of such assessments." In 1893 section 10 of title 6 was amended by a provision that the mayor's warrant should contain a clause "commanding and authorizing said treasurer, when he may deem it necessary so to do, to levy and collect the same by distress and sale of any personal property upon such premises belonging to the premises chargeable to said assessment." Act No. 418, Local Acts 1893. Of this provision this court remarked in the above case: "Just what this provision means is difficult of ascertainment."

After the decision by this court of the above-mentioned case, the city sought and obtained further legislation in relation to special assessments; and at the next session of

the legislature, in 1895, the said section 10 was again amended, so that no lien should attach to the roadbed, right of way, or other premises of any duly incorporated railroad corporation which are necessarily used in operating its corporate franchises, and the city treasurer was authorized, "when he may deem it necessary so to do, to levy and collect the same by distress and sale of any personal property belonging to the person, corporation, or company against whom such assessment or tax is made, and found within the corporate limits of the city of Grand Rapids, in like manner as general State, county, and municipal taxes are collected out of personal property within the corporate limits of said city." Act No. 444, Local Acts 1895. . The city also procured the passage of the following act, which was approved on the same day as the amendment to section 10 as above indicated; such act being entitled:

" An act to provide for the collection of certain assessments on premises belonging to the Chicago and, West Michigan Railway Company, the Detroit, Lansing and Northern Railroad Company, the Lake Shore and Michigan Southern Railway Company, the Grand Rapids and Indiana Railroad Company, the Michigan Central Railroad Company, and the Detroit, Grand Haven and Milwaukee Railway Company, for public improvements in the city of Grand Rapids.

"SECTION 1. *The People of the State of Michigan enact*, that the freight-houses, road-beds, rights of way, and other premises of the Chicago and West Michigan Railway Company, the Detroit, Lansing and Northern Railroad Company, the Lake Shore and Michigan Southern Railway Company, the Grand Rapids and Indiana Railroad Company, the Michigan Central Railroad Company, and the Detroit, Grand Haven and Milwaukee Railway Company, within the corporate limits of the said city of Grand Rapids, which are necessarily used in operating their respective franchises, are liable for all valid unpaid special assessments for public improvements heretofore made within said city of Grand Rapids, and legally assessed against the same, but that no lien shall attach thereto on account of such assessments, and that the payment of such assessments shall not be enforced and collected out of the same.

"Sec. 2. All such assessments which are valid, and all installments thereof, together with all interest and charges thereon, and all costs and charges for enforcing and collecting the same, are hereby declared legal demands against said respective railroad or railway corporations against whose premises said assessments were made, in favor of said city of Grand Rapids, and may be enforced by said city against said railroad or railway corporations in an action of *assumpsit* or other proper legal action, and collected out of any property of said respective railroad or railway corporations which is liable to levy and sale upon execution.

"Sec. 3. If, after the passage and taking effect of this act, any such assessment, or any installment thereof, is or shall thereafter become due and payable, and the same is not paid and discharged by the railroad or railway corporation against which the same is a legal demand, the said city of Grand Rapids is hereby authorized and empowered immediately to enforce and collect the same, together with all interest and charges thereon, and all costs and charges for collecting the same, in any. manner provided for in this act." . Act No. 443, Local Acts 1895.

The plaintiff brings this action, claiming the right to recover under the above act of May 27, 1895, and on the trial in the court below was permitted, by the direction of the court, to recover under said act. The defendant claims that, if plaintiff can recover at all, it must be under that act; but it is contended that the act is unconstitutional, as being repugnant to the Constitution of the United States and of this State, because:

1. It attempts to create a personal liability to pay assessments previously made, where such liability did not exist when the assessments were made.

2. It attempts to create a personal liability to pay special assessments for local public improvements.

3. It attempts to create a personal liability to pay an assessment without an opportunity to be heard thereon.

4. The act affects only certain specified railroad companies, and does not apply to all persons in like manner assessed.

5. It has more than one object, and its object is not expressed in its title.

130 Mich.—16.

It is further contended by counsel for defendant that, even if the act be valid, it does not apply to the assessment in this case, because such assessment is not shown to have been a valid assessment upon premises belonging to defendant; that the assessment itself was illegal and void, because not made in proportion to the benefits to the land; that the proofs of the assessment and of the lease to the defendant were inadmissible in evidence under the issue joined in the case; and that the plaintiff has no cause of action under the facts in the case.

If any action can be maintained, it must be under the statute above quoted. Assessments upon land cannot be made personal claims, in the absence of statutory provision. In the case of *Lake,Shore & Mich. Southern R. Co.* v. *City of Grand Rapids*, 102 Mich. 374 (60 N. W. 767, 29 L. R. A. 195), this rule was recognized. It appeared in that case that the city charter, as it at that time existed, made no provision to enforce the collection of the tax except by a sale of the land. Under it the railroad was not made personally liable for the tax. In *Mogg* v. *Hall*, 83 Mich. 576 (47 N. W. 553), it was expressly held that a drain tax could not be collected as a personal tax against the owner; the only provision in the statute being that, if not collected, the land should be returned. The only question for consideration in the present case, therefore, is whether the act of May 27, 1895, which purports to give a right of action (Act No. 443), is valid. The act attempts to create a personal liability to pay assessments previously made, where no liability existed when the assessments were made. It declares that certain assessments theretofore made, and which prior to its passage had been mere charges upon the land, shall be legal demands against certain specified corporations; or, in the words of the act:

"All such assessments which are valid, and all installments thereof, together with all interest and charges thereon, and all costs and charges for enforcing and collecting the same, are hereby declared legal demands

against said respective railroad or railway corporations against whose premises said assessments were made, in favor of said city of Grand Rapids, and may be enforced by said city against said railroad or railway corporations in an action of *assumpsit* or other proper legal action, and collected out of any property of said respective railroad or railway corporations which is liable to levy and sale upon execution."

In *Hart* v. *Henderson*, 17 Mich. 218, it was said by Chief Justice COOLEY:

"Nothing is a tax simply because of being called so; but any proceedings by which a man's property is to be taken from him on a claim which has no other basis than the naked declaration of the legislature that it shall constitute a demand against him is unconstitutional and void, as not being 'according to the law of the land,' but, on the other hand, wholly unwarranted by legal principles."

The only basis for the action in the present case is the declaration of the legislature that these assessments shall constitute a legal demand against said corporations. In the case of *Mogg* v. *Hall*, *supra*, it appeared that certain land of the plaintiff had been assessed in 1884 for the construction of a drain under the drain law then in force (Act No. 269, Pub. Acts 1881). That act, like the charter of Grand Rapids prior to 1895, did not make such assessment a personal charge on the owner, but declared it to constitute a lien on the land, and provided for a sale of the land in case of nonpayment. It was said by the court in that case:

"Under this law the property of the then owner of the land could not have been seized and sold to satisfy the tax. If not paid, the only thing the collector could do was to return the lands. The tax was one levied upon the land, and not against the owner. This is further shown by the fact that, in the law of 1885, these taxes were expressly made a personal claim against the owner, and provision made for their collection as against him, the same as other taxes are collected. Act No. 227, Pub. Acts 1885. This is an indication that the legislature construed the act of 1881 as deficient in this respect. It was also provided in

the act of 1885 that all drain taxes 'properly returned to the county treasurer,' and remaining unpaid, 'may be ordered charged back by the board of supervisors, and reassessed upon such lands, in the same manner that unpaid or rejected taxes may be charged back by the auditor general, and reassessed, under the general provisions of law.' * * * When this tax was originally assessed, in 1884, under the law of 1881, as before said, it could not have been made a personal claim against the owner of the land. It was never levied against him, but against the land. The law of 1885 undertakes to make these taxes a personal claim against the owner of the land. * * * This act could not have the retrospective action contemplated by the act. Taxes levied after the act went into effect may properly be made a personal claim, but the rejected taxes of 1884, reassessed under the act of 1885, cannot, in our opinion, be made a personal claim against the owner of the land."

We think the above case is controlling of the present, and that no other of defendant's contentions need be considered.

The order of the court below holding the act valid, and entering judgment for the plaintiff, must be reversed. No new trial will be ordered. It follows that the appeal of the city in reference to the other taxes cannot be sustained, and as to those the judgment must be affirmed.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred with LONG, J.

HOOKER, C. J. (*concurring*). This action is a second attempt through legal proceedings to collect an assessment made for local improvements upon the property of the defendant. The first failed for the reason that the legislature had failed to provide a method of enforcing payment by proceedings against the land assessed. In dismissing the bill in that case, we held that the local assessment was valid, and we were careful not to hold that the claim of the city for the assessment was not a valid and subsisting obligation, if not a lien upon the land. Subsequently the legislature attempted to make this a personal debt due from the defendant to the city, and incidentally provided

that the land assessed should be discharged of any lien therefor.   I concur with Mr. Justice LONG in holding that this act cannot be given a retroactive effect, and therefore that it has no application, in any of its provisions, to this cause.   The judgment must therefore be reversed, and no new trial ordered; but it should be understood that the lien of the city for its taxes, if it ever had any, is unaffected by the legislation mentioned, or by these proceedings.

MOORE and MONTGOMERY, JJ., concurred with HOOKER, C. J.

GRANT, J., did not sit.