### TOWNSHIP OF DECATUR v. COPLEY.

1. TAXES—SUIT FOR COLLECTION—TAX ROLL—PRIMA FACIE EVIDENCE.

   The provision of 1 Comp..Laws, § 3870, that, in a suit for the collection of a tax, the tax roll shall·be *prima facie* evidence of the debt sought to be recovered, does not conflict with a taxpayer's constitutional·rights.

2. SAME—AUTHORITY OF SUPERVISOR.

   Under 1 Comp. Laws, § 3870, providing for the collection of taxes by the township treasurer, by virtue of the warrant issued by the supervisor, by distress and sale, and authorizing him, if otherwise unable to collect a tax on personal property, to bring suit therefor, the authority of the treasurer, during the lifetime of his warrant, is exclusive, and suit cannot, within that period, be brought by the supervisor, under 1 Comp. Laws, §§ 2336, 3863, for the collection of a tax covered by the warrant.

Error to Van Buren; Carr, J. Submitted June 5, 1903. (Docket No. 58.) Decided June 23, 1903.

*Assumpsit* by the township of Decatur against Edwin B. Copley for taxes. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*A. L. Moulton* and *David Anderson*, for appellant.

*T. J. Cavanaugh* and *L. A. Tabor,* for appellee.

MONTGOMERY, J.   This action was brought to recover for taxes assessed against the defendant in the plaintiff township in the year 1901.   While the tax warrant was still in the hands of the township treasurer, and before the day fixed by law for its return to the county treasurer, this suit was commenced by authority of the supervisor, and without authority of the township treasurer.   The circuit judge held that the suit could not be instituted by the supervisor while the warrant still remained in the hands of the township treasurer, and before the time fixed for the return; that during this period the law commits to the treasurer the duty of collecting the tax, and the supervisor has no duty to perform in connection therewith, and no authority to act in the premises.   The court also held that the burden of proof rested upon the plaintiff to show that the defendant was a resident of Decatur township at the time the assessment was made.   The two questions indicated by the holding above stated are those presented for our consideration.

The statute (1 Comp. Laws, § 3870) makes the tax roll *prima facie* evidence of the debt sought to be recovered, and this provision is not in conflict with defendant's constitutional rights.   *Wattles* v. *City of Lapeer,* 40 Mich. 626; *State Tax-Law Cases,* 54 Mich. 385 (20 N. W. 493); *City of Muskegon* v. *S. K. Martin Lumber Co.,* 86 Mich. 629 (49 N. W. 489).

The important question is whether the supervisor was entitled to bring this action while the tax roll was still in the hands of the township treasurer.   We have held that inasmuch as section 3863, 1 Comp. Laws, provides that taxes, when assessed, shall become at once a debt to the township, the supervisor, being authorized by section 2336, 1 Comp. Laws, to bring suits on behalf of the township, may sue for this debt in the name of the township. *Township of Bangor* v. *Transportation Co.,* 112 Mich.

601 (71 N. W. 143); *Township of Deerfield* v. *Harper*, 115 Mich. 678 (74 N. W. 207). In each of these cases, however, the suit was brought after the period fixed by law for the township treasurer to collect the tax. While we held in these cases that the failure of the township treasurer to make a return such as would justify the issuing of a new warrant did not discharge the debt, the question presented by the present record as to whether, during the period fixed by law for the collection by the township treasurer, his control of the tax roll, combined with authority to bring suit in certain cases, is exclusive of a similar right in the supervisor, was not discussed or presented.

Under a prior tax law, it was held in numerous cases that the warrant of the collector must be exhausted before suit could be brought. *Staley* v. *Township of Columbus*, 36 Mich. 38; *McCallum* v. *Township of Bethany*, 42 Mich. 457 (4 N. W. 164); *Putman* v. *Township of Fife Lake*, 45 Mich. 125 (7 N. W. 699); *City of Detroit* v. *Jepp*, 52 Mich. 458 (18 N. W. 217). It was said in *Staley* v. *Township of Columbus* that the tax roll is itself as complete and adequate as an execution on a judgment would be, if there be goods and chattels within the treasurer's jurisdiction. And in *McCallum* v. *Township of Bethany* it was said that the warrant is in the nature of an execution for the collection of the taxes, and the remedy for their collection under it must be exhausted, and the taxes returned unpaid, before suit can be brought to recover them.

Plaintiff's counsel say that these authorities should not be held to apply, for the reason that section 1049, 1 How. Stat., is not embodied in our present tax law, and that it was this section which placed the limitation upon the right to sue. There is some force in this contention, but we understand the general rule to be that the usual process for collecting taxes is by the tax warrant, and that the courts will not ordinarily allow their process to be used for that purpose when the statute provides other remedies. 21 Am. & Eng. Enc. Pl. & Pr. p. 380. This is especially true

where, at the time of the remedy sought to be invoked, the statute has prescribed a proper mode of procedure. Under our present statutes it is provided that a warrant shall issue to the township treasurer for the collection of the tax; and section 3870 provides for the seizure and sale of the property of the taxpayer upon his failure to make payment within the time prescribed, and also provides that the township treasurer, if otherwise unable to collect a tax on personal property, may sue the person to whom it is assessed, in the name of the township, village, or city, and garnishee any debtor or debtors of such person. In other words, the law providing for the collection of taxes commits for a certain period of time the collection of these taxes to the township treasurer, and prescribes the ways and means for collecting them; and while it is true that under the authority of *Township of Deerfield* v. *Harper* and *Township of Bangor* v. *Transportation Co.*, *supra*, the debt may be collected by means of a suit instituted by the supervisor upon a failure of the township treasurer, within the life of his warrant, to accomplish that result, we see no reason for holding that the legislature intended a double remedy, or that the taxpayer should be harassed by two suits or two proceedings at one and the same time. We think that, during the period fixed by section 3870, the authority of the township treasurer must be held exclusive, and that suit cannot be instituted during this time by the supervisor.

It follows that the judgment will be affirmed, with costs.

The other Justices concurred.