## GODKIN *v.* CORLISS.

1. TAXATION—COLLECTION—TRANSFER—PROCESS—SUFFICIENCY.

A statement by a township treasurer under section 3871, 1 Comp. Laws, which avers "that there is no other personal property of said J. G. within said township from which collection [of said tax] can be made," though not negativing the presence of other personal property in the township in the exact language of the statute, is equivalent in its legal import to the statutory provision and a sufficient compliance therewith to render the process fair upon its face and protect the treasurer to whom it is sent in executing it.

2. SAME—PAYMENT UNDER PROTEST—RECOVERY.

Where a valid tax, which it is the duty of the person assessed to pay, is collected by a city treasurer on a statement sent him from another treasurer under section 3871, 1 Comp. Laws, and the statement is of sufficient validity to protect the treasurer from liability for conversion of the property seized, under it, the taxpayer cannot recover the amount paid from the treasurer though paid under protest to release property seized.

Error to Bay; Shepard, J. Submitted October 12, 1906. (Docket No. 58.) Decided December 3, 1906.

Assumpsit by John Godkin against Edward E. Corliss, city treasurer of Bay City, for taxes paid under protest. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

*Lee E. Joslyn*, for appellant.

*Brakie J. Orr*, for appellee.

BLAIR, J. Plaintiff brought suit against defendant, city treasurer of Bay City, to recover the amount of a personal tax assessed against his personal property in Doyle township in the county of Schoolcraft, which amount was paid by plaintiff, under written pro-

test, to release his personal property in Bay City from a levy made by defendant under the authority of a statement made to him by the treasurer of Doyle township, pursuant to section 3871, 1 Comp. Laws. The declaration was on the common counts in assumpsit. The statement of the township treasurer duly signed, certified, and acknowledged as required by the statute was as follows:

"The statement in writing of Frank Sandberg, township treasurer of the township of Doyle, in the county of Schoolcraft and State of Michigan, under and by virtue of section 3871 of the Compiled Laws of Michigan of 1897, showing: That, on the assessment and tax rolls of the township of Doyle in said county of Schoolcraft for the year 1904, one John Godkin was assessed for personal property and that the personal property of said John Godkin within said township was assessed to said John Godkin upon said assessment and tax rolls, and that the valuation thereof as assessed by the supervisor of said township and approved by the board of review thereof was ten thousand five hundred dollars and that the various taxes thereon and the total thereof as appears from the roll in the hands of said treasurer are as follows:

"State tax, $27.60; county tax, $109.25; township tax, $25.30; highway money tax, $47.50; school and one-mill tax, $151.00; special highway tax, $10.35; soldiers' relief tax, $1.05. Total taxes, $372.05.

"That such personal property, consisting of lumber and lath, has been removed from such township since the assessment thereof, and that the taxes thereon have not been paid, and that no part thereof has been paid, *and that there is no other personal property of said John Godkin within said township from which collection thereof can be made.*

"In witness whereof I have hereunto set my hand and seal this 28th day of January, A. D. 1905.

"FRANK SANDBERG,

"Township Treasurer of Doyle Township.    [Seal.]"

Plaintiff gave evidence, which was uncontradicted, tending to show that, at the time the tax roll was placed in the township treasurer's hands, plaintiff had personal property in that township worth more than four times the amount of the tax. The lumber, lath, and shingles, upon

which the taxes were assessed, were removed from School-
craft county prior to the 1st of December.

The circuit judge directed a verdict in favor of defend-
ant, and plaintiff brings the record to this court for review
upon writ of error, insisting that a verdict should have
been directed in his favor, for the following reasons:

*First.* The statement of the township treasurer did not
comply with the statute, in that it did not contain an alle-
gation that there was "*no other personal property suffi-
cient in said Doyle township whereon the treasurer
can levy and collect said taxes or any of them,*" and,
therefore, did not protect the defendant, and his levy was
a trespass.

*Second.* The statement of the township treasurer, even
if fair upon its face and the levy made in pursuance there-
of, would not confer upon defendant any interest in the
property levied upon, or right to withhold the money paid
him, but would only protect him against personal liability
for making the levy, because the undisputed evidence
showed that the township treasurer had no authority to
make the statement. Citing: *Beach* v. *Botsford,* 1
Doug. (Mich.) 199; *Le Roy* v. *Railway,* 18 Mich. 233;
*McCoy* v. *Anderson,* 47 Mich. 502; *City of Muskegon*
v. *Lumber Co.,* 86 Mich. 625, and other cases.

The statement of the township treasurer did not nega-
tive the presence of other personal property in his town-
ship in the exact language of the statute, but the language
used was equivalent in its legal import to the statutory
provision and a sufficient compliance therewith to render
the process fair upon its face and protect the defendant in
executing it.

The statement was "prima facie evidence of the valid-
ity of the tax therein named against the person therein
named and * * * full and ample authority to the
treasurer * * * to levy and collect the same in the
same manner as other personal taxes are collected by him
when spread upon his own roll."

No attempt was made to question the validity of the

tax, and the tax must be regarded as a lawful tax, which it was the duty of plaintiff to pay. If defendant had sold the property levied upon to collect the tax, he would not have been liable in trover for its conversion. *Mogg* v. *Hall*, 83 Mich. 576.

It necessarily follows that he was not liable in this action.

The judgment is affirmed.

GRANT, MONTGOMERY, OSTRANDER. and HOOKER, JJ., concurred.