## Albert Staley v. The Township of Columbus.

*Townships: Suit for unpaid taxes: Judgment: Tax-roll.* A suit for unpaid taxes will not lie in favor of a township, except in the case provided for by statute, where taxes on personalty have been returned unpaid for want of property on which to levy. The tax-roll is itself as complete and adequate as an execution on a judgment would be, if there are goods and chattels within the treasurer's jurisdiction.

*Townships: Treasurer: Taxes: Payment in worthless orders: Receipt: Settlement.* Where a town treasurer has received from a tax-payer worthless highway orders in part payment of his taxes, receipting the taxes and returning them as paid, and in his settlement with the township board is allowed the amount thereof, the taxes are thereby paid, and any suit which is brought for the amount of the orders must be a private controversy between the treasurer and the party who paid them to him, and not a township action.

*Heard January 18.    Decided January 23.*

Error to St. Clair Circuit.

*Atkinson & Stevenson,* for plaintiff in error.

*Mitchell & Avery* and *F. Whipple,* for defendant in error.

CAMPBELL, J:

Staley was sued for unpaid taxes, and the foundation of the claim was, that he had given and the town treasurer had received two worthless highway orders in part payment of his taxes on real and personal property, the amount of such orders being fifty dollars, and the amount paid in money eleven dollars and seventy-six cents. The town treasurer gave receipts for the taxes and returned them as paid, and was allowed the amount in his settlement with the township board, who assumed the enforcement of the deficiency and directed the supervisor to bring suit.

Staley received the orders and paid them over in good faith. The illegality was not suspected by either party. Judgment was rendered against Staley for the amount of the deficiency.

The only case provided for by statute wherein suit may be brought for unpaid taxes by the township is where taxes on personalty have been returned unpaid for want of property on which to levy.—*C. L.*, § *1014*. In such case the treasurer may sue in the name of the township. Taxes on real estate may be collected by distress on goods and chattels (§ *1003*), but if not so collected the tax is returned unpaid and the land sold to make it.

The tax-roll is itself as complete and adequate as an execution on a judgment would be, if there are goods and chattels within the treasurer's jurisdiction. It would be a foolish ceremony to sue for land taxes when the land itself can be sold to pay them. But where personal taxes are unpaid, the debtor may have property subject to execution not open to seizure and sale by the treasurer, and a suit is in such case proper and necessary to secure payment. The statutory provisions are based on plain policy, and preclude the idea of suit in any case not named.

The statutes are very liberal in providing for extensions where taxes are not paid, and the treasurer could, by proper application and showing that these were unpaid, have ob-

tained further time for collecting them or returning them as unpaid. These orders were received by him on the 15th of December. His warrant did not run out until the first of February, and might on a proper showing have been renewed or extended two months.—§ *1004.* It does not appear by the record when he made his return. But by pursuing the course which he adopted he precluded the possibility of any further action by the public to collect the taxes, and became personally chargeable for them himself. The taxes were therefore in law paid, and not unpaid, and any suit which is brought for the amount of the orders must be a private controversy between the treasurer and Staley, and not a township action. How far Staley is indebted to the treasurer, if at all, is not to be determined in this cause.

The judgment must. be reversed, and judgment entered for plaintiff in error, with costs of both courts.

The other Justices concurred.