### PHILIP NEIB v. CHARLES HINDERER AND BALTHASAR CHRISTNER.

*Presumptions to sustain referee's finding.*

42 451
128 262

42 451
147 ¹137

A referee after finding that defendant had agreed to pay the cost price of certain articles, found what their "value" was according to a certain exhibit not set forth in the record. *Held* that all reasonable intendments must be made in support of the finding and judgment, and that in the absence of a demand for a more specific finding it might be properly assumed that he used the word "value" to signify "cost price."

A finding that defendant purchased a bakery, is specific enough to include the oven and oven fixtures, and authorize a finding of the value of the fixtures.

In finding the cost price of a stock of groceries, a referee may find the quantity and price of the different articles by name, even though he does not expressly find that each article enumerated constitutes a part of the stock; and though the testimony cannot be resorted to in aid of the finding, if it appears on inspec-

tion that the articles named are usually classed as groceries, the finding may be sustained, and it cannot be assumed that the referee included articles not within the contract of purchase.

Error to Berrien.    Submitted Jan. 7.    Decided Jan. 13.

ASSUMPSIT by Hinderer and Christner, who had constituted the firm of C. Hinderer & Co., for the value of a bakery, fixtures and stock of groceries which they had sold to Neib.    Judgment was rendered for plaintiffs on the report of a referee, and defendant brings error.

*O. W. Coolidge* for plaintiff in error.    A referee's report must contain such a finding of facts as can support a cause of action, and must state them as definitely as the verdict of a jury or the finding of a judge, *Wood v. La Rue,* 9 Mich., 158; *Wright v. Sanders,* 28 How. Pr., 395; *Meacham v. Burke,* 54 N. Y., 217; *Buckingham v. Payne,* 36 Barb., 81; judgment thereon will be reversed if it does not appear that enough facts were found to sustain the referee's conclusions of law, *Amboy & Lans. R. R. v. Byerly,* 13 Mich., 439.

*Cholwell Knox* for defendant in error.    A referee's report will be set aside only for error by which a party has been injured, *Ludington v. Taft,* 10 Barb., 447; *Hunt v. Fish,* 4 Barb., 324; *Belmont v. Coleman,* 1 Bosw., 188; *Eddy v. Sprague,* 10 Vt., 216; it will not be disturbed unless there is gross error, *Grube v. Schultheiss,* 4 Daly, 207; *Gardner v. Lincoln* 5 Phil., 24.

MARSTON, C. J.    The questions presented in this case arise upon a referee's report.    The claim is that the referee did not find facts sufficient to support any judgment.

I.    That the referee did not find the cost price of the things purchased.

The referee finds that the defendant purchased from the plaintiffs "a bakery and stock of groceries agreeing to pay therefor the cost price."    "That the value of said

groceries, as appears from Exhibit 'A,'" after making certain deductions, was $1,151.15. The point made is that he here finds the *value*, but not the *cost price.* . He finds the value, as appears from a certain exhibit, which is not printed in the record.

We are to make all reasonable intendments in favor of the finding and in support of the judgment. *Peabody v. McAvoy*, 23 Mich., 526. Having found that the sale made was at the cost price, we may well assume that his finding of value in accordance with the exhibit was at the cost price also. It is not at all likely that he would find the value to be upon a basis other or different than the one agreed upon by the parties. This exhibit may have been the original invoices of purchase. Certainly we cannot presume the contrary for the purpose of setting aside the judgment.

Aside from this view, and looking at the entire report, we consider it clear that the referee used the word "value" as being synonymous with the term "cost price," and to avoid a mere repetition. Indeed there is nothing in the finding or record indicating in the slightest degree that the cost price was not the full value of the goods. Common experience shows that the value of a stock of groceries sometimes, and indeed quite often, falls far below the cost price thereof. It is at least just as likely to be below as above, and if the defendant claimed that the cost price was less than the value, he should have shown this affirmatively and not left it for inference. He could have had the report of the referee made more certain in this respect. This also disposes of a similar objection made to the finding as to the other articles purchased.

II. It is also objected that the referee did not find that defendant agreed to purchase or did purchase any oven fixtures, although he found the value of such fixtures.

His finding was that the defendant purchased a bakery and stock of groceries. In finding that a· bakery had been purchased, and in using the term "bakery," he

thereby included and embraced all fixtures belonging thereto and forming a part thereof. That an oven and oven fixtures will be found in, and constitute an important part of a bakery would seem to be beyond question. And in ascertaining the cost price or value of the bakery the referee would have the right to find the value of the separate articles constituting the same.

In ascertaining the cost price of the stock of groceries the referee might have found the quantity and price of the different articles by name which constituted the stock, and although he might not in express terms have found that each and every article enumerated constituted a part of such stock, yet if from an inspection of the finding, it was apparent that such articles were what are usually denominated and included within the term groceries, the finding would be sustained. While we cannot resort to the testimony in aid of the findings, neither can we assume that the referee included articles not embraced in the contract of purchase, unless the same clearly appears from an inspection of the findings made.

The judgment of the circuit court upon the referee's findings and in accordance therewith, must be affirmed with costs.

The other Justices concurred.