## THE CITY OF DETROIT v. WILLIAM JEPP.

*Municipal taxes—Enforcement of collection.*

An action by a city for unpaid taxes on personal property will not lie, except so far as specially provided for, if provision is already made by the city charter for a specific remedy, such as collection by process from the receiver of taxes and by levy on any personal property within the city.

Error to Wayne. (Jennison, J.) Jan. 16.—Jan. 22.

ASSUMPSIT. Defendant brings error. Reversed.

*William Look* and *Weeks & Randall* for appellant. Where a city's charter prescribes a specific mode of enforcing payment of a tax by distress and sale, it supersedes any action for it: Dill. Mun. Corp. § 653; *Camden v. Allen* 2 Dutch. 398; *Peirce v. Boston* 3 Met. 520; *Flournoy v. Jeffersonville* 17 Ind. 169; *Shaw v. Peckett* 26 Vt. 486; *Lane County v. Oregon* 7 Wal. 81; *Durant v. Supervisors* 26 Wend. 66; *Cooper v. Savannah* 4 Ga. 68; *Alexander v. Helber* 35 Mo. 334; Cooley on Taxation 13; *Stevens v. Evans* 2 Burr. 1152; *Staley v. Columbus* 36 Mich. 38; *McCallum v. Bethany* 42 Mich. 457; *Putman v. Fife Lake* 45 Mich. 125.

*Henry M. Duffield* for appellee. A general tax legally levied and assessed by a municipal corporation, pursuant to its charter, creates a legal obligation to pay such tax, and the corporation can recover it in assumpsit, even though there be a summary mode of recovery provided for in the charter and ordinance of the municipality. 2 Dill. Mun. Corp. (3d ed) § 817; *Dugan v. Baltimore* 1 Gill & J. 499; *Mayor v. Howard* 6 Har. & J. 383; *Gordon v. Baltimore* 5 Gill 243; *Eschbach v. Pitts* 6 Md. 71; *State v. Southern Steamship Co.* 13 La. Ann. 497; *Dunlap v. County* 15 Ill. 9; *Ryan v. County* 14 Ill. 83; *Geneva v. Cole* 61 Ill. 397; *Mayor v. M'Kee* 2 Yerg. 167; *Dubuque v. Ill. Cent. R. R. Co.* 39 Ia. 56.

CAMPBELL, J. The only question in this case is, whether under the charter of Detroit, as existing previous to July, 1881, suit could be brought by the city for unpaid personal property taxes.

The charter provided very fully for the enforcement of such collection by process from the Receiver of Taxes, who could at any time after default collect the amount by levy on any personal property of the delinquent within any part of the city. No provision was made to sell lands, except for the land taxes.

It has always been recognized as the law of this State, that where such a specific remedy is provided in the tax law as the proper method of collection, no suit will lie unless specially provided for, and then only as so provided. *Staley v. Columbus* 36 Mich. 38; *McCallum v. Bethany* 42 Mich. 457; *Putman v. Fife Lake* 45 Mich. 125. Such is the weight of authority elsewhere under similar conditions. See Cooley on Taxation 13.

Nothing has been pointed out in the charter which directly or impliedly favors any different doctrine. And it may be suggested that in the recent revision of the charter in 1883, the language of the old charter was radically changed, not only by declaring such taxes to stand as personal debts, but also by providing expressly for suits on default, and limiting those suits without reference to amount to the circuit court for the county of Wayne,—thus shutting out actions before justices, and before the Superior or Recorder's courts, and the courts of other counties. Charter, chap. 10, § 10.

We think the action did not lie.

The judgment must be reversed with costs of both courts, and judgment entered on the finding for defendant.

The other Justices concurred.