TOWNSHIP OF LAKETON v. HEALEY C. AKELEY.

*Taxes—Assessment on personalty—Action at law.*

| 74 | 695 |
| d119 | 203 |
| 74 | 695 |
| d137 | 198 |

An action for delinquent *personal* taxes will not lie except against the person assessed.

Error to Muskegon. (Dickerman, J.) Argued April 11, 1889. Decided April 24, 1889.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*George W. McBride,* for appellant.

*Bunker & Carpenter* and *D. & J. C. McLaughlin,* for plaintiff.

CAMPBELL, J. This suit was brought, and judgment recovered, against defendant for taxes assessed against the Roscommon Lumber Company in the year 1887. It appears that the assessment was made on the supposition that the lumber company had lumber in the township subject to taxation on the day fixed by law for the assessment. The usual warrants were issued for the collection of the tax, but the township treasurer returned the tax as not collected, and a warrant was issued by the county treasurer with the same result. A suit was brought against the lumber company, but finally discontinued, upon a belief that they did not own the property. This suit was then brought against Mr. Akeley, on the ground that the assessment was made on the faith of property which belonged to him.

Several interesting questions were raised below, and come up on the record, not the least of which related to the exclusion of testimony that the property did not belong to Mr. Akeley. If the case were maintainable on other grounds, we should be compelled to pass upon this exclusion, which went to the jurisdiction to assess. Mr. Akeley could not have been assessed there himself, if he owned no personalty there, and enough appears in testimony once received, but then ruled out, to make it pretty certain that he had none. But the objection is taken, and cannot be overcome, that the action for delinquent personal taxes will not lie, except against the person assessed, and while, as against the property assessment,

the mistake in the name of the owner is not always important, yet, when suit is brought directly to recover the tax, the statute is express that it must be brought against the person "to whom it is assessed." Laws of 1885, p. 187. This action is brought by the treasurer in the name of the township.

We have held on several occasions that the remedy by action in these cases is extraordinary and exceptional. This is the only case where a treasurer may assume to represent the township. In all ordinary cases, actions are to be brought by the supervisor. How. Stat. § 737. It is not left to any one, without express authority, to involve townships in the expense and risks of litigation. The general policy of the State is to favor the summary collection of taxes, and the laws have always provided for summary process, which is usually as effectual as any other, and much more speedy. It can seldom happen, without fault somewhere, that when there is personalty to assess there is no personalty to levy on. And it is also true that the assessment can be made to the right person by reasonable inquiry. Where it is assessed to one, if the township treasurer may at his own pleasure sue anybody else whom he may see fit to assert to be the true owner, the risk of mistake is great, and the expense of defeat may be heavier than the taxes. Where he pursues his warrant, and levies on property which is the same that was actually assessed, another statutory rule exists, which will generally save him if it is lawfully subject to assessment. But to allow the treasurer to assume to litigate for the township, except where expressly authorized, would be an interference with the proper functions of other officers, and create both expense and confusion. In the cases of *Staley v. Columbus*, 36 Mich. 38, *McCallum v. Bethany*, 42 Id. 457 (4 N. W. Rep. 164), *Putnam v. Fife Lake*, 45 Id. 125 (7 N. W. Rep. 699),

and *Detroit v. Jepp,* 52 Id. 458 (18 N. W. Rep. 217),—it was laid down that suits at law for delinquent taxes were special and exceptional remedies, which could not be enlarged, and we think those decisions settle this case against the right of the plaintiff here.

The judgment must be reversed, with costs of both courts. There can be no new trial, as the declaration shows the suit is improperly brought.

SHERWOOD, C. J., CHAMPLIN and MORSE, JJ., concurred. LONG, J., did not sit.