THE VILLAGE OF STURGIS v. JONATHAN W. FLANDERS.

*Municipal corporations—Taxes—Action to collect.*

1. How. Stat. § 2939, which provides that, in case any person shall refuse to pay any (village) tax imposed upon his real or personal property, the marshal shall levy the same by distress and sale of the goods and chattels of such person, and that for such purpose, and for the collection of such tax, the marshal may bring suit therefor, confers a right of action for the collection of real and personal taxes during the lifetime of the tax warrant.

2. How. Stat. § 2952, which provides that, whenever any tax assessed upon personal property in any village shall be returned by the marshal for non-payment, he may bring suit in the name of the village for the recovery thereof against the person or persons against whom the tax is assessed, is intended to authorize actions after the return of the tax warrant, and applies only to personal taxes.

Case made from St. Joseph. (Loveridge, J.) Submitted on briefs November 10, 1893. Decided November 17, 1893.

*Assumpsit.* Plaintiff assigns error. Affirmed. The facts are stated in the opinion.

*T. C. Carpenter*, for appellant.

*J. W. Flanders*, in pro. per.

HOOKER, C. J. This action was brought to collect village taxes upon both real and personal property. It was tried before the court without a jury, and written findings of fact and law were filed, in effect as follows:

1. The plaintiff is a corporation existing under the general laws relative to the incorporation of villages.

2. Defendant, a resident of the village, was duly assessed for taxation for the year 1892 upon real estate, the tax amounting to $145.50.

3. At the same time he was assessed upon personal property a tax amounting to $3.

4. A warrant was issued to the marshal, and these taxes were by him duly returned to the village treasurer, delinquent.

5. The bringing of this action for these taxes was duly authorized.

### LAW.

1. Before the time limited for the return of the warrant, the marshal may bring suit for the recovery of the taxes upon both real and personal property.

2. After the return of the warrant, the marshal may, in the name of the village, bring suit for taxes assessed against personal property.

3. After the return of the warrant, the remedy as to real property provided by statute for pursuing by sale the lien created on each parcel of land for delinquent taxes must be followed, and a suit for such taxes under the scheme for the collection of taxes in villages cannot be maintained.

The plaintiff was given a judgment for $3.70, the amount of tax upon the personal property, and interest. Exceptions were taken to the three findings of law.

The right to bring this action depends upon the statute.

"SECTION 2939. In case any person shall neglect or refuse to pay any tax imposed upon any real or personal property belonging to him, as aforesaid, the marshal shall levy the same by distress and sale of the goods and chattels of the said person liable to pay the same, wherever such goods and chattels may be found, either in said village or elsewhere in the county where such village is located, first giving public notice of such sale in the manner and for the time required by law in case of such sales made by township treasurers, and for such purpose, and for the collection of the taxes aforesaid, the marshal may bring suit therefor, and shall have all the powers, and perform the like duties, so far as applicable, as are conferred upon or required of township treasurers in the collection of taxes levied in townships."

"SEC. 2952. Whenever any tax assessed upon personal property in the village shall be returned by the marshal for non-payment under the provisions of this act, it shall be lawful for the marshal of the village to bring suit, in

the name of the village, for the recovery thereof, against the person or persons against whom the tax was assessed, before any court of competent jurisdiction, and to take and use all lawful means provided by law for the collection of debts to enforce the payment of such tax; and in such cases all the provisions of law applicable to suits and the evidence therein, brought by township treasurers in the name of their township for such purposes, shall apply."

It will be observed that section 2939 permits the marshal to sue for taxes on both real and personal property. Section 2952 mentions the tax upon personal property only as the subject of an action. The defendant contends that section 2939 applies to actions begun before a return of the tax as delinquent, and that after such return the marshal has no more to do with the tax upon the realty, but may sue for the personal tax under section 2952. Upon the other hand, the plaintiff's theory is that a suit during the life of the warrant is not contemplated; that it is unnecessary, for the reason that the warrant is as effective as an execution upon a judgment; citing *McCallum v. Township of Bethany*, 42 Mich. 457; *Staley v. Township of Columbus*, 36 Id. 38. It further claims that the intention was to permit an action to be brought for both real and personal taxes after the return.

Section 2952, providing for the collection of personal taxes by action after the return of the warrant, is in harmony with the general tax law. See How. Stat. § 1049. If section 2939 is to be construed as contended by plaintiff's counsel, section 2952 confers no additional authority, and is practically meaningless. We cannot agree with counsel in the proposition that section 2939 does not authorize an action for taxes during the life of the warrant. The cases cited were brought under a statute which, like section 2952, only authorized such proceedings after the return of the warrant, and for personal taxes. The decisions

are based upon the limitation in the statute as to the time of bringing actions for taxes. The remark of the Court that it was unnecessary, for the reason that the warrant was as good as an execution, was unnecessary, and can be considered, at most, as a plausible reason for such limitation. But in section 2939 the Legislature has given to the marshal authority to bring an action for the purpose of aiding distress and sale, and for the collection of the tax. Unless we are to hold that this section was incorporated merely to include the taxes on real estate, or to give the right to an action during the life of the warrant, it adds nothing to the section 2952. If it were intended merely to put taxes upon real estate after the return of the warrant upon the same footing with personal taxes, a word added to section 2952 would have accomplished it; and, as we cannot treat it as meaningless, we must conclude that its purpose was to permit the bringing of an action during the life of the warrant. And we think there may have been reason why this power should have been given to the marshal. Villages differ from townships in the character of the inhabitants and property. Transfers of property are much more frequent, and the probability of change of ownership after assessment is greater. A warrant may be effective where property can be seized within a county, but it is impotent to reach it in another county, while an execution from a court of record may reach property anywhere in the State, and, if an action may be brought early, the collection of the tax may be facilitated.

We agree with the learned circuit judge that this provision (section 2939) confers the right of action for the collection of real and personal taxes during the lifetime of the warrant, and that section 2952 is intended to authorize actions after the return of the warrant, and applies only to personal taxes. This action having been commenced

after the return of the warrant, no recovery can be had for the tax upon the land.

It follows that the judgment must be affirmed.

The other Justices concurred.