VILLAGE OF CHELSEA *v.* HOLMES.

TAXATION—WARRANT—SUITS TO COLLECT TAXES.
  Section 2871, 1 Comp. Laws, providing that suit may be brought by a village for the collection of taxes on personal property whenever the treasurer of the village shall be unable to collect the tax, permits such action to be brought during the life of the tax warrant.

Error to Washtenaw; Kinne, J. Submitted February 4, 1904. (Docket No. 80.) Decided July 16, 1904.

Assumpsit by the village of Chelsea against Harmon S. Holmes, Edward Vogel, Ernest R. Dancer, and Dallas H. Wurster, copartners as the H. S. Holmes Mercantile Company, for the taxes of 1901. There was judgment for defendants on a verdict directed by the court, and plaintiff brings error. Reversed.

*H. D. Witherell* (*Cavanaugh & Wedemeyer*, of counsel), for appellant.

*A. J. Sawyer & Son* (*F. F. Freeman* and *B. B. Turnbull*, of counsel), for appellees.

MOORE, C. J. The defendant company was assessed $15,000. Its assessment was increased by the board of review to $30,000. It was doing business in the plaintiff village, and had, and continued to have, a stock of goods therein. The assessment roll was put in the hands of the village treasurer, who made some attempt to collect the tax. He wrote Mr. Holmes several times, requesting its payment. He also made a personal demand upon Mr. Holmes, who refused to pay the tax. He consulted an attorney, and claims he was advised the tax could not be collected. It is the claim of the plaintiff that the treasurer did not consult the village attorney, but consulted the attorney of the defendant, and that Mr. Holmes was the treasurer's bondsman. On October 26th the treasurer returned the tax uncollected. The council directed that this suit be brought to collect the tax.

The defendant claims there are so many irregularities in the assessment roll that it is invalid, and also claims the treasurer might have collected the tax by levying upon the property of the defendant during the lifetime of the warrant. Counsel were agreed that the question involved was one of law, which the judge ought to decide. The circuit judge was of the opinion the tax was valid, but expressed himself as in doubt about the law of the case. He concluded that it was the duty of the treasurer to collect the tax under his warrant, and, as he had failed to do so, this suit could not be maintained, and directed a verdict in favor of defendant.

We agree with the circuit judge that, if there are any irregularities in the assessment, they are cured by section 3922, 1 Comp. Laws. The other question involves a construction of sections 2868, 2871, 1 Comp. Laws, which read:

"SEC. 2868. In case any person shall neglect or refuse to pay any tax imposed upon any real or personal property belonging to him, as aforesaid, the treasurer shall levy the same by distress and sale of the goods and chattels of the said person liable to pay the same, wherever such goods and chattels may be found, either in said village or elsewhere, in the county where such village is located; or in any adjoining county, first giving public notice of such sale in the manner and for the time required by law in case of such sales made by township treasurers, and for such purpose and for the collection of the taxes aforesaid, the treasurer may bring suit therefor, and shall have all the powers and perform the like duties, so far as applicable, as are conferred upon or required of township treasurers, in the collection of taxes levied in townships."

"SEC. 2871. Whenever the treasurer shall be unable to collect any tax assessed upon personal property in the village it shall be lawful for the treasurer of the village to bring suit, in the name of the village, for the recovery thereof, against the person or persons against whom the tax was assessed, before any court of competent jurisdiction, and to take and use all lawful means provided by law for the collection of debts to enforce the payment of such tax; and in such cases all the provisions of law applicable to suits and the evidence therein, brought by township treasurers in the name of their township for such purposes, shall apply."

Counsel for defendant insist the treasurer might have made the tax by virture of his warrant, and until the remedy by warrant has been exhausted the village could not authorize the bringing of this suit; citing a number of cases. We think the cases are not conclusive.

In *Staley* v. *Township of Columbus*, 36 Mich. 38, the township treasurer received certain highway orders as payment, and returned the taxes as paid. The court held they were in law paid, and that it was a private controversy between the treasurer and the taxpayer.

In *McCallum* v. *Township of Bethany*, 42 Mich. 457 (4 N. W. 164), there was no return that the personal tax was unpaid. The court said:

"The failure, therefore, to show the return of the taxes

unpaid, was fatal to the recovery. Upon a new trial it is probable this defect will be remedied."

In *City of Detroit* v. *Jepp*, 52 Mich. 458 (18 N. W. 217), it was said by Justice CAMPBELL that the only question involved was whether, under the charter of Detroit as it existed prior to 1881, suit could be brought for unpaid personal taxes.

In *Township of Laketon* v. *Akeley*, 74 Mich. 695 (42 N. W. 165), the question was whether Mr. Akeley could be sued for taxes assessed against the Roscommon Lumber Company.

In *Township of Port Huron* v. *Potts*, 78 Mich. 435 (44 N. W. 289), it was held there was a clear failure of the township treasurer to make such a return as the law required before suit was brought. It will be seen that in none of them was the question raised here at issue.

The case most in point is *Village of Sturgis* v. *Flanders*, 97 Mich. 546 (56 N. W. 934), where the provisions of law are almost identical with the sections we have quoted. It was held suit could be maintained for the personal tax. Chief Justice HOOKER, in speaking for the court, said:

"Section 2952, 1 How. Stat., providing for the collection of personal taxes by action after the return of the warrant, is in harmony with the general tax law. See 1 How. Stat. § 1049. If section 2939 is to be construed as contended by plaintiff's counsel, section 2952 confers no additional authority, and is practically meaningless. We cannot agree with counsel in the proposition that section 2939 does not authorize an action for taxes during the life of the warrant. The cases cited were brought under a statute which, like section 2952, only authorized such proceedings after the return of the warrant, and for personal taxes. The decisions are based upon the limitation in the statute as to the time of bringing actions for taxes. The remark of the court that it was unnecessary, for the reason that the warrant was as good as an execution, was unnecessary, and can be considered, at most, as a plausible reason for such limitation. But in section 2939 the legislature has given to the marshal authority to bring an

action for the purpose of aiding distress and sale, and for the collection of the tax. Unless we are to hold that this section was incorporated merely to include the taxes on real estate, or to give the right to an action during the life of the warrant, it adds nothing to section 2952. If it were intended merely to put taxes upon real estate after the return of the warrant upon the same footing with personal taxes, a word added to section 2952 would have accomplished it; and, as we cannot treat it as meaningless, we must conclude that its purpose was to permit the bringing of an action during the life of the warrant. And we think there may have been reason why this power should have been given to the marshal. Villages differ from townships in the character of the inhabitants and property. Transfers of property are much more frequent, and the probability of change of ownership after assessment is greater. A warrant may be effective where property can be seized within a county, but it is impotent to reach it in another county, while an execution from a court of record may reach property anywhere in the State, and, if an action may be brought early, the collection of the tax may be facilitated. We agree with the learned circuit judge that this provision, section 2939, confers the right of action for the collection of real and personal taxes during the lifetime of the warrant, and that section 2952 is intended to authorize actions after the return of the warrant, and applies only to personal taxes."

We think a verdict should have been directed for plaintiff for the full amount of the tax, and interest thereon.

Judgment is reversed, and a new trial granted.

The other Justices concurred.