VILLAGE OF WAYNE v. GOLDSMITH.

1. CERTIORARI—SUFFICIENCY OF RETURN—MATTERS CONSIDERED.
    Where a justice's return to a certiorari to review a judgment in favor of a village for delinquent taxes states that it includes all the testimony, but neither the tax roll, the return roll of delinquent taxes, nor the extension of the village treasurer's warrant are set out in the return, or contained in the record, an assignment of error that the judgment is not supported by the evidence cannot be considered.

2. SAME—RECORD—SUPPLYING OMISSIONS.
    The attachment of an exhibit to the record in the circuit court on certiorari, without further return from the justice, is without authority of law, and an exhibit so attached will not be considered.

3. ATTORNEY AND CLIENT — AUTHORITY TO APPEAR — STATUTE — APPLICATION.
    Section 762, 1 Comp. Laws, does not require a village treasurer, bringing suit in the name of the village for taxes, to prove his authority to appear for the plaintiff.

4. CERTIORARI—RETURN—SUFFICIENCY—MATTERS PRESENTED.
    On certiorari to review a judgment of a justice of the peace in favor of a village for delinquent taxes, an assignment of

error that the tax roll showed on its face that the village treasurer had no authority to bring the suit cannot be considered where the tax roll is not in the record.

5. APPEAL AND ERROR—MATTERS NOT IN RECORD—AFFIDAVITS.
The affidavit of counsel cannot be accepted on error as showing what was proven by official documents not in the record.

6. MUNICIPAL CORPORATIONS — POWER OF TREASURER — SUIT FOR .
TAXES—AUTHORIZATION BY COUNTY TREASURER.
Under sections 2868, 2871, 1 Comp. Laws, a village treasurer need not be authorized by the county treasurer to bring suit for delinquent taxes.

Error to Wayne; Donovan, J.   Submitted June 21, 1905.   (Docket No. 182.)   Decided October 2, 1905.

Assumpsit in justice's court by the village of Wayne against Earl Goldsmith for the taxes of 1903.   Plaintiff had judgment, and defendant removed the case to the circuit court by writ of certiorari.   The judgment was affirmed at the circuit, and defendant brings error. Affirmed.

*Edward M. Vining,* for appellant.

*Hiram L. Rice,* for appellee.

BLAIR, J.   This is an action of assumpsit for the recovery of certain personal taxes assessed by the plaintiff against the defendant.   The suit was brought by William H. Brewer, who claimed to be the village treasurer, in the name of the municipality, before a justice of the peace of said village.   Plaintiff declared orally and filed a bill of particulars as follows:

```
"1903, June 15th.   To personal taxes assessed by and
        in favor of the plaintiff, the village of Wayne,
        and against the defendant, Earl Goldsmith___   $14 00
    1903, July 25th.   To collect fee of 4% on same_.      56
                                                        ────────
        "Total_____ $14 56"
```

Defendant pleaded the general issue, and by consent of the parties, the said Brewer claiming to represent plain-

tiff, and defendant being present in person and by attorney, the cause was adjourned.  With reference to the appearance of the parties at this time, the justice's return is as follows:

"December 3d.   Case called at our name in adjournment of this cause.  Both parties present — village of Wayne by W. H. Brewer, village treasurer; defendant by E. M. Vining."

On the adjourned day defendant amended his plea by giving notice of special matter.  The case was tried by the court without a jury, and resulted in a judgment for plaintiff, which defendant removed to the circuit court by writ of certiorari.  The judgment of the justice's court having been affirmed in the circuit, defendant has removed the cause to this court.

The return of the justice to the affidavit for the writ of certiorari, so far as it relates to the testimony and proceedings on the trial, is as follows:

"December 10th, 1 p. m.   Case called at our name in adjournment, both parties present and in court—plaintiff by William H. Brewer; defendant by E. M. Vining.  I, the said justice, proceeded to try the said cause without a jury.   On the trial of said cause Anthony Snyder, a witness sworn on the part of the plaintiff, testified that he represented the county treasurer.   Tax roll was offered in evidence.   Defendant objected to the introduction of the so-called tax roll as void, for the reason stated on December 3, 1903, and for the further reason that it is incompetent, irrelevant, and immaterial.   This objection is overruled.   Defendant had an exception.   Return roll of delinquent tax of Wayne village, pages 1 to 12, inclusive, offered in evidence.   Objected to by defendant for the reason that it is incompetent, irrelevant, and immaterial, and for the reason stated on December 3, 1903, and for the further reason that there is no proof showing that the taxes have not been paid.   Objections overruled and exception to defendant.   Extension of the village treasurer's warrant by the county treasurer offered in evidence.   Defendant objected to the introduction of warrant signed by F. F. Snow, for the reason that it is incompetent, irrelevant, and immaterial, and does not set forth in what year

the persons mentioned therein are purported to have not paid their tax, except that said warrant says that said taxes were not paid in the year 190–, at which time the State of Michigan or the United States was not in existence.    Overruled.    Plaintiff rests.    Defendant further moves to dismiss for the reason that there is no proof of any kind in this case, either in the writ or otherwise, that the village treasurer or any person acting for him is represented in this suit.    Overruled.    Defendant offered no testimony.    And I also certify that the foregoing is all the testimony given on the said trial, and that, after hearing the proofs and allegations of the parties, I, the said justice, did take four days to render my decision.    On December 14th I did render judgment in favor of the plaintiff and against the defendant for $14.56 damages and also $8.53 costs."

The first assignment of error is that there was no evidence to support a judgment for the plaintiff.    This assignment is based upon the certificate of the justice that his statement in the return comprised "all the testimony given on the said trial."    But neither the tax roll, the return roll of delinquent taxes, nor the extension of the village treasurer's warrant are set out in the return, or contained in the record.    The attachment of Exhibit S to the record in the circuit court, without further return from the justice, was without authority of law and cannot be considered.    The most material evidence in the case not being before us, we cannot consider this assignment.

The third and sixth assignments of error are based upon the failure of Mr. Brewer, upon demand therefor, to prove his authority to represent the plaintiff, as required by 1 Comp. Laws, § 762.    This statute does not apply to a case like the present.    The village treasurer's authority to bring the suit is conferred upon him by statute, and upon proof that he is village treasurer the authority to proceed with the case is complete.    The return of the justice shows that Mr. Brewer was village treasurer, and the assignments are without force.

The fourth assignment of error alleges that the tax roll showed on its face that the village treasurer had no

authority to bring the suit. The tax roll is not before us, and we therefore cannot consider this assignment.

The fifth assignment alleges that there was no certificate, or warrant or proof of any kind that the county treasurer had authorized the village treasurer to bring said suit. The return roll, to which defendant's counsel refers in discussing this assignment, is not before us, and we cannot accept the statements of his affidavit as to what is proved by official documents. He should have procured a further return and have made these documents part of the record. We do not think, however, that the village treasurer needs authority from the county treasurer to bring such a suit. 1 Comp. Laws, §§ 2868, 2871; *Village of Chelsea* v. *Holmes*, 137 Mich. 195.

We find no errors in the record, and the judgment is affirmed.

McALVAY, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.