HARNAU *v.* MUSKEGON KNITTING MILLS.

Judgment—Parties—Estoppel—Liens.

Where a corporation was a party to proceedings by a judgment creditor to reach assets of a stockholder in aid of execution, and it failed to assert a lien on the stock of said stockholder for money advanced, it may not, after sale of said stock in pursuance of a decree of the court

to satisfy said judgment, for the first time assert a lien
thereon superior to plaintiff's rights, but whatever rights
it has are subordinate thereto.

Mandamus by Peter Harnau to compel the Muske-
gon Knitting Mills and others to issue to plaintiff cer-
tain shares of stock in defendant corporation.    Sub-
mitted January 10, 1922.     (Calendar No. 29,999.)
Writ granted February 8, 1922.

*Turner & Turner,* for plaintiff.

*Robert E. Bunker,* for defendants.

FELLOWS, C. J.    This proceeding is instituted for the
purpose of effectuating the decree of this court in
*Harnau* v. *Haight,* 209 Mich. 604.    The present de-
fendant Muskegon Knitting Mills was an active party
defendant in that case.    The other present defend-
ants are its officers.    It will be noted from an ex-
amination of that case that the bill there filed partook
of the nature of a creditor's bill, a bill in aid of execu-
tion and for discovery.    We there decided that Mr.
Haight had transferred to his wife, Grace C. Haight,
certain common stock of the corporation for the pur-
pose of defrauding Mr. Harnau and that it was done
to prevent the collection of his judgment, and in the
opinion it was stated:

"The transfer of all the common stock is set aside
and the stock will be returned to Mr. Haight and will
be placed in the name of Louis P. Haight upon the
books of the corporation.    Upon that being done an
*alias* execution may be issued upon plaintiff's judg-
ment and levied upon such stock in accordance with
the statute."

The opinion in that case was filed April 10, 1920.
A motion for a rehearing was made, but was denied
on June 17th, and on August 6th following a decree
was finally settled and filed in accordance with the

opinion directing that the stock of the Muskegon Knitting Mills be placed in the name of Louis P. Haight, that an *alias* execution issue on plaintiff's judgment and that the stock be levied on and sold to satisfy the same. Jurisdiction was retained of the proper parties to effectuate the decree. We declined on the settlement of the decree to make it broad enough to permit creditors of Haight other than plaintiff to levy on the stock.

By a petition filed in this court September 11, 1920, it was made to appear that on June 22d, and before the decree was settled in this court, the attorney for the defendants had caused the stock to be transferred on the books of the corporation to Louis P. Haight and an execution had been levied thereon to satisfy a judgment against Haight held by one William Van Sluyter, that an execution sale had been had, the stock bid in and again transferred to Grace C. Haight, all without the knowledge of the plaintiff, and we were asked to set the transaction aside. Answers to this petition were filed and the matter submitted to this court on October 5, 1920. On October 15th, the prayer of the petition was granted (*Harnau* v. *Haight,* 212 Mich. 66). A motion for rehearing was denied December 21, 1920, on which day we also denied a motion of the Muskegon Knitting Mills to stay proceedings due to voluntary bankruptcy of Haight. In none of these proceedings did the Muskegon Knitting Mills assert any claim to or lien on the stock in controversy.

It appears from the present record that in the Haight bankruptcy proceedings a trustee was appointed and upon his application a temporary restraining order was made by the referee restraining plaintiff from proceeding to collect his judgment in accordance with the decree of this court. Upon a full hearing, however, the referee in a well considered opinion

set aside the restraining order.   Thereupon and in accordance with the decree of this court the stock was sold on execution sale to the plaintiff for the amount of his judgment.   We do not understand the regularity of the execution sale is in any way questioned. The officers of the Muskegon Knitting Mills refused to issue a certificate of stock in plaintiff's name and he applies for mandamus to compel such action.   In answer to the order to show cause defendants assert that the Muskegon Knitting Mills has a lien which it claims attached to the stock prior to the filing of the bill, that it was for money advanced and loaned to Mr. Haight and for that reason it insists that it should not be required to issue the stock.   So far as the proceedings in this court are concerned this is the first time such lien is asserted.

An examination of the former opinions of this court above referred to will show that by the decree of the circuit court the entire assets of the Muskegon Knitting Mills were impounded to satisfy the plaintiff's judgment.   We concluded on the appeal from such decree that it was not warranted in law, that it was too broad, but we reached the conclusion that the plaintiff was not without remedy and impounded the stock fraudulently transferred by Haight to his wife to satisfy his judgment.   At no time in that proceeding did the Muskegon Knitting Mills assert any lien on this stock.   May it now after plaintiff has proceeded in strict accordance with the decree of this court entered in a case in which it was a party assert for the first time that the decree shall not be given force and effect because it has a lien upon this stock antedating the filing of the bill?   We think not.   In *Free* v. *Beatley*, 95 Mich. 426, it was said:

"She was made a party to the former suit.   If she claimed any interest in the land it was then her duty to assert it, and have that interest determined.   The

sole object in making her a party was to ascertain her rights therein, if she claimed any. The court expressly determined and decreed that the land was a part of the firm assets. Free, the purchaser, therefore had the right to assume that she neither claimed nor had any interest in the property, except that arising from partnership relations. Even had she then been possessed of any right of dower independent of the partnership, she must be held estopped from now asserting it, because she did not assert it when she had the opportunity to do so."

In *State of Michigan* v. *Sparrow*, 89 Mich. 263, it was said by Mr. Justice GRANT, speaking for the majority of the court:

"As to the lands involved in the case of *Sparrow* v. *Commissioner of State Land Office*, 56 Mich. 567, these questions are *res judicata*. The right of Sparrow to the lands described in his petition was then in dispute. The State could not sever its defenses, and, after being defeated upon the ground it then chose, maintain a proceeding in equity to set aside the patents issued under that decision, upon the ground that it had another defense, which it omitted to make in that suit."

In the recent case of *Security Investment Co.* v. *Meister*, 214 Mich. 337, it was said:

"Defendant for over six months was in default in his payments; regular proceedings were had under the statute before the circuit court commissioner and judgment of restitution was rendered by him and the amount then due was fixed; the time given defendant under the statute after judgment in which to redeem expired without payment of the amount so fixed; there is no accident, fraud, or mistake alleged. Under these circumstances the judgment rendered in a case where the commissioner had jurisdiction is a finality, and neither it nor the evidence upon which it is based may be reviewed by a court of equity."

The Muskegon Knitting Mills was a party to the suit and was bound by the decree. If it had a lien upon this stock which it claimed was superior to the

rights of plaintiff it should have been there asserted. Not having been there asserted it may not assert it when steps are taken to enforce the decree. We need not determine the rights of the Muskegon Knitting Mills against Mr. Haight, or whether it might have a lien on stock standing in his wife's name for money advanced to him. What we do determine is that any rights it may have to a lien on the stock is subordinate to the rights decreed to the plaintiff in a suit in which it was a party.

The writ will issue as prayed.

WIEST, STONE, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.