SCHAEFER *v.* WOODMERE CEMETERY ASSN.

MUNICIPAL CORPORATIONS—TAXATION—ACTION MAY NOT BE BROUGHT
    FOR TAXES ON REAL ESTATE—JURISDICTION—STATUTES.
    Municipal corporation may not maintain action to recover taxes
        and special assessments levied against real estate; there being
        no statutory authority, court is without jurisdiction in such
        case (1 Comp. Laws 1929, § 3431, 3438).

Appeal from Wayne; Merriam (DeWitt H.), J.
Submitted October 20, 1931. (Docket No. 153, Cal-
endar No. 35,838.) Decided December 8, 1931. Re-
hearing denied March 3, 1932.

Assumpsit by Edwin A. Schaefer, treasurer of
the city of Fordson, against Woodmere Cemetery
Association, a Michigan corporation, for taxes and
special assessments. Judgment for defendant.
Plaintiff appeals. Affirmed.

*James E. Greene,* Corporation Counsel, and
*Austin & Newman,* Special Counsel, for plaintiff.

*Trowbridge, Lewis & Watkins* (*Edwin C. Lewis*
and *Milton F. Mallender,* of counsel), for defendant.

POTTER, J. Plaintiff sued defendant in the circuit
court on the common counts in assumpsit to re-
cover from it general city taxes for the years 1926
and 1927 and parts 1 and 2 of a special assessment
levied against the property for paving Riverside
drive, together with interest. Defendant pleaded the
general issue and gave notice the property of de-
fendant was exempt from taxation. There was
judgment for defendant. Plaintiff appeals. We

are met by the question of the right of plaintiff to maintain this suit.

"The only case provided for by statute wherein suit may be brought for unpaid taxes by the township is where taxes on personalty have been returned unpaid for want of property on which to levy. 1 Comp. Laws 1871, § 1014. In such case the treasurer may sue in the name of the township. Taxes on real estate may be collected by distress on goods and chattels (1 Comp. Laws 1871, § 1003), but if not so collected the tax is returned unpaid and the land sold to make it." *Staley* v. *Township of Columbus*, 36 Mich. 38.[1]

This is still the rule. It follows the suit in question will not lie. This question was raised on the argument and it goes to the jurisdiction of the court. Judgment affirmed, with costs.

Butzel, C. J., and Wiest, Clark, McDonald, Sharpe, North, and Fead, JJ., concurred.

---

[1] See 1 Comp. Laws 1929, §§ 3431, 3438.

