BANKERS TRUST COMPANY OF DETROIT v. RUSSELL.*

SAME v. PERCHICK.

SAME v. SAME.

SAME v. GREEN.

These cases are controlled by *Equitable Trust Co.* v. *Milton Realty Co., ante,* 571.

Appeal from Wayne; Kilpatrick (Arthur W.), J. Submitted January 4, 1933. (Docket No. 20, Calendar No. 36,805.) Decided January 25, 1933.

Four separate bills by Bankers Trust Company of Detroit, a Michigan corporation, against Gustav F. Russell and others and John A. Milotte, trustee, for appointment of a receiver to collect rents under an assignment pursuant to an alleged trust mortgage and to foreclose same. Cases consolidated. From orders for plaintiff, defendant Milotte appeals. Reversed.

* For opinion on rehearing, see 263 Mich. 677.

*Butzel, Levin & Winston* and *James O. Murfin*
(*Edward D. Quint* and *Carl L. Whitchurch,* of counsel), for appellant.

*Frank C. Cook* and *John P. O'Hara,* for appellee.

Sharpe, J. While the facts in these cases are somewhat different from those presented in *Equitable Trust Co.* v. *Milton Realty Co., ante,* 571, in our opinion, decision is controlled thereby. In all of them promissory notes were executed by the mortgagors, payable to the Bankers Trust Company, plaintiff, at certain dates fixed therein. These notes were secured by real estate mortgages on certain property in the city of Detroit, in which the trust company, its successors and assigns, was named as the mortgagee. In the eighth paragraph thereof appeared a provision so similar to that appearing in paragraphs seven and eight of the mortgage in the *Equitable Trust Company Case,* quoted in the decision therein, that it need not be here repeated.

In all of these cases, second mortgages had been given to trustees for the benefit of the holders of the obligations secured thereby. They contained the usual provisions found in trust mortgages, with assignment of the rents and profits, with a specific reference to Act No. 228, Pub. Acts 1925 (3 Comp. Laws 1929, §§ 13498, 13499), and were all executed after that act became effective. The defendant John A. Milotte is now acting trustee under these mortgages, and by agreement with all of the mortgagors he was in possession of the properties and was collecting the rents and profits therefrom.

The plaintiff filed bills of complaint to foreclose its mortgages. They are similar in form and contain substantially the same allegations. They set forth the notes and mortgages, and allege that, pur-

suant to the authorization contained in the mortgages, it had sold the notes and was acting as trustee for the purchasers and was entitled to the rents and profits of the premises under the provisions of said Act No. 228, and prayed for the appointment of a receiver to collect the same.

The defendant Milotte as trustee filed answers and cross-bills thereto. Plaintiff thereupon moved for the appointment of a receiver of the properties mortgaged, and, after a hearing thereon, orders were entered reciting that the mortgages were trust mortgages, and appointing a temporary receiver in each of the cases, with power to take possession of the premises and collect the rents and profits thereof. From these orders the defendant Milotte, trustee, has taken these appeals.

It will thus be seen that the question presented is, as in the *Equitable Trust Company Case, supra,* whether these mortgages are trust mortgages and the plaintiff entitled to avail itself of the provisions of said Act No. 228. It will serve no useful purpose to again discuss this question. Under our holding in that case, they were not trust mortgages, and the orders made reciting that they were, and appointing receivers to collect the rents and profits under said act, will be reversed and set aside, with costs to appellant.

McDONALD, C. J., and CLARK, POTTER, NORTH, FEAD, and WIEST, JJ., concurred. BUTZEL, J., did not sit.