BANKERS TRUST COMPANY OF DETROIT *v.* RUSSELL.

SAME *v.* GREEN.

SAME *v.* PERCHICK.

1. COURTS—DISCRETION—TAXATION—RECEIVERS—APPOINTMENT.
Court may order payment of taxes on property held by receiver notwithstanding his appointment may have been irregular.

2. TAXATION—COLLECTION—REMEDIES—STATUTES.
Specific remedy provided by statute or charter for collection of taxes is exclusive.

3. MORTGAGES—TRUSTS—INCOME—RECEIVERS—TAXATION.
Tax collector may not invoke aid of court of equity which had improperly appointed receiver incident to foreclosure proceedings under first mortgage, to take income collected and held by him but belonging to trustee under second mortgage for payment of delinquent real estate taxes not assessed to trustee or anyone beneficially interested in the second mortgage (Comp. Laws 1929, §§ 3431, 3438, 13498, 13499).

4. SAME—RECEIVERS—OUTSTANDING TAX TITLES.
Receiver, improperly appointed incident to foreclosure proceedings under first mortgage, who collected income from apart-

ment house properties which belonged to trustee under second mortgage *held,* not entitled to use such funds in payment for outstanding tax title before accrual of 100 per cent. penalty, where property was not assessed to trustee or any one beneficially interested in the second mortgage (Comp. Laws 1929, §§ 3431, 3438, 13498, 13499).

5. JUDGMENT—RES JUDICATA—RECEIVERS—APPOINTMENT—DELINQUENT TAXES.

  Contention that receiver's appointment incident to foreclosure proceedings under a first mortgage was justified in order to prevent waste because of delinquent taxes, a contention which might have been raised when matter of his appointment was before court upon former hearings, *held,* barred by former adjudications holding him to have been improperly appointed where tax situation was the same then as now (Comp. Laws 1929, §§ 3431, 3438, 13498, 13499).

Appeal from Wayne; Murphy (Thomas J.), J. Submitted January 23, 1935. (Docket Nos. 114, 115, 116, 117, Calendar Nos. 38,209, 38,210, 38,211, 38,212.) Decided March 5, 1935.

Four separate bills by Bankers Trust Company of Detroit, a Michigan corporation, against Gustav F. Russell and others and John A. Milotte, trustee, for appointment of receivers to collect rents under assignments pursuant to alleged trust mortgages and to foreclose same. City of Detroit, a municipal corporation, and Charles L. Williams, its treasurer, intervened to obtain payment of taxes. Order entered directing funds be paid to trustee. Interveners appeal. Plaintiff cross-appeals. Affirmed.

*Frank C. Cook* and *John P. O'Hara,* for plaintiff.

*Raymond J. Kelly* and *John H. Witherspoon,* for interveners.

*Frederick McGraw,* for defendants Russell.

*Butzel, Levin & Winston (Edward D. Quint,* of counsel), for defendant trustee.

North, J.   Each of these four cases was primarily instituted for the foreclosure of a first mortgage, and incident thereto a temporary receiver was appointed in each case.   Upon appeal to this court the respective orders appointing the receivers were vacated.   See *Bankers Trust Co.* v. *Russell,* 261 Mich. 579; 263 Mich. 677.   In each case the mortgaged property was an apartment house in the city of Detroit.   Prior to decision in this court a substantial sum of money came into the custody of the circuit court through its receiver in the several cases from the income of the mortgaged property.   None of these first mortgages was a trust mortgage.   See cases above cited.   Each of the properties is subject to a second mortgage which purports to be a trust mortgage under which the trustee was and is entitled to the rents and income.   3 Comp. Laws 1929, §§ 13498, 13499.   In each case the second mortgage trustee was made a defendant.   He contested the appointment of the receiver and asserted his right to the rents and income in each case as against the receiver appointed incident to the foreclosure of the first mortgage.   After reversal in this court of the orders appointing the receivers, the cases were remanded to the circuit court.   Thereafter the city of Detroit and its treasurer were permitted to intervene and petition the court for an order directing that delinquent city taxes and assessments be paid out of the funds in the hands of the receiver.   The relief sought was denied; and it was ordered that the receiver in each case and the county clerk, with whom a portion of the funds had been deposited, pay same to the trustee who had made claim thereto

under the terms of the trust mortgage. The petitioning interveners have appealed.

It is urged in behalf of these appellants that the court had jurisdiction over the parties and the subject matter in the proceeding in which the receiver was erroneously appointed, and that under such circumstances the funds in the custody of the court incident to the receivership should be used, so far as necessary, to pay the expenses of the receivership, citing 1 Clark on Receivers (2d Ed.), p. 885. And, for the purpose of making the foregoing proposition of law applicable to the instant case, these appellants assert that the payment of taxes should be held to be an expense of the receivership.

It may be conceded, as appears to be held in cases cited in the interveners' brief, that under certain circumstances where it appears just and equitable so to do, a court after having appointed a receiver, notwithstanding the appointment may have been irregular, may direct him to pay out of funds in his hands taxes upon property held in the receivership. But in the instant case, a controlling question is the right of interveners to enforce collection of real estate taxes in the manner herein attempted.

"It has always been recognized as the law of this State, that where such a specific remedy (as formerly contained in the Detroit city charter) is provided in the tax law as the proper method of collection, no suit will lie unless specially provided for, and then only as so provided." *City of Detroit* v. *Jepp,* 52 Mich. 458.

Very recently in a suit in assumpsit by a city treasurer to collect real estate taxes, we said:

"We are met by the question of the right of plaintiff to maintain this suit.

" 'The only case provided for by statute wherein suit may be brought for unpaid taxes by the township is where taxes on personalty

have been returned unpaid for want of property on which to levy. 1 Comp. Laws 1871, § 1014. In such case the treasurer may sue in the name of the township. Taxes on real estate may be collected by distress on goods and chattels (1 Comp. Laws 1871, § 1003), but if not so collected the tax is returned unpaid and the land sold to make it.'

"*Staley* v. *Township of Columbus,* 36 Mich. 38. This is still the rule. It follows the suit in question will not lie." *Schaefer* v. *Woodmere Cemetery Ass'n,* 256 Mich. 332.

The charter of the city of Detroit provides in title 6, chap. 4, § 1, as follows:

"All city taxes shall be due and payable on the fifteenth day of July in each year, and on that date shall become a lien on the property taxed. The owners or occupants or parties in interest to any real estate assessed hereunder shall be liable to pay such taxes, and all assessments levied in accordance herewith."

Aside from enforcing the lien upon real estate which results from the nonpayment of taxes levied thereon, the only method provided by law for collecting such taxes is "to levy the same by distress and sale of the goods and chattels" of the person to whom the property is assessed. 1 Comp. Laws 1929, §§ 3431, 3438. In 3 Cooley's Taxation (4th Ed.), § 1330, p. 2630, it is said:

"However, in most jurisdictions it is held that statutory remedies for the collection of delinquent taxes are exclusive and preclude the maintenance of an action at law, *i. e.,* that when the statute undertakes to provide remedies, and those given do not embrace an action at law, a common-law action for the recovery of the tax as a debt will not lie."

In these cases none of the properties were on the assessment roll in the name of the trustee to whom the rents and profits belong under the trust mort-

gage nor in the names of the persons beneficially interested in the mortgage.   There is no warrant in law for invoking the aid of the court in equity to take from the trustee the funds to which he is entitled under the trust mortgage for the purpose of using the same to pay the defaulted real estate taxes.   For this and other reasons, which need not be detailed, the relief sought by the interveners must be denied, as was ordered by the circuit judge.

There is another phase to this case presented by the Bankers Trust Company, which also has appealed.   After the case was remanded to the circuit court following our decision in 263 Mich. 677, incident to the hearing of the petition of the trustee under the second mortgage for an accounting to him by the receiver in the respective cases for net rentals and income, the Bankers Trust Company contended that an item of $5,540.56 used by the receiver, while the appeal was pending in this court, to purchase a tax title against the property should be allowed. The reason urged in justification of this expenditure by the receiver is that a 100 per cent. penalty as a condition of redemption was about to become effective.   The circuit judge declined to allow this expenditure as an item properly paid out of rents and income.   For reasons hereinafter indicated this ruling was proper; but it may be also noted that it did not result in any loss to the receiver who testified:

"It (the tax title) is assigned in blank and I am holding it until this thing is decided, and I have arranged the sale of it if I am hooked for it; I am not going to get hooked because I have arranged for the sale of it."

Incident to its appeal the Bankers Trust Company also contends that under the circumstances presented by this case, the circuit court by reason of

its inherent power to appoint a receiver to prevent waste, should have ordered the receiver to purchase outstanding tax titles before the accrual of the 100 per cent. penalty under the Detroit charter and that such tax titles should have been paid for from the rentals and incomes of the respective properties. The circuit judge ruled otherwise.

It is a complete answer to the claims made on this appeal by the Bankers Trust Company of Detroit that none of these properties was assessed to the trustee under the second mortgage or to any one having a beneficial interest in such mortgage; and that under the terms of the trust mortgage the trustee was in possession of these properties and collecting the rents and income from them prior to and at the time plaintiff instituted these foreclosure suits. In each case by the terms of the trust mortgage the trustee was entitled to the rents and income; and there would be no justification in law or in equity for holding under the circumstances of this case that the receiver, improperly appointed, could use the money derived from the rents and income to pay taxes or assessments against the properties or to purchase outstanding tax titles. Even if we indulge in the presumption that the appointment of the receiver might be justified on the theory of preventing waste, still there would be no justification for using moneys belonging to a third party rather than to those interested in preventing the waste, to accomplish that purpose. It may also be noted that plaintiff's present contention that the appointment of the receiver in the respective cases was justified on the theory of preventing waste is foreclosed by our former decisions in these cases. *Bankers Trust Co.* v. *Russell*, 261 Mich. 579; 263 Mich. 677. This reason in justification of appointing the receivers, if

meritorious, could have been and should have been urged at the former hearings. This is true because taxes were badly in arrears at the time plaintiff instituted these foreclosure suits. Prior to the appointment of the receiver (May 24, 1932) in that particular case, the $5,540.56 tax title, arising from nonpayment of 1930 city taxes, was outstanding. It was later purchased by the receiver. At the time these suits were instituted, and certainly at the time of the appointment of the receivers, the tax situation was such that the question of appointing a receiver on the theory of preventing waste could have been presented then as well as now. It is therefore, as stated above, barred by our former decisions in these same cases. *Security Investment Co.* v. *Meister,* 214 Mich. 337; *Harnau* v. *Muskegon Knitting Mills,* 217 Mich. 426; *Poy* v. *Allan,* 249 Mich. 527.

Decision in the circuit court is affirmed, with costs to appellee taxable against both appellants.

POTTER, C. J., and NELSON SHARPE, FEAD, WIEST, BUSHNELL and EDWARD M. SHARPE, JJ., concurred. BUTZEL, J., did not sit.