CITY OF MUSKEGON v AMEC, INC.

CORPORATIONS—TAXATION—DIRECTORS AND OFFICERS—LIABILITY—TAX LIENS—REMOVAL OF PROPERTY—DISSOLUTION OF CORPORATION— STATUTES.

Directors and officers of a corporation who have knowledge of a valid city tax lien against personal property of the corporation may be held personally liable to the city, pursuant to statute, where they remove property subject to the lien out of the taxing authority's jurisdiction, dispose of it, and dissolve the corporation, with knowledge that the corporation will be left without sufficient assets to meet its known debts; however, the liability of the directors and officers is limited to the value of the property improperly removed (MCLA 450.1551, 600.3605).

Appeal from Muskegon, John H. Piercey, J. Submitted June 4, 1975, at Grand Rapids. (Docket No. 21036.) Decided July 22, 1975.

Complaint by the City of Muskegon against Amec, Inc., Charles P. Jensen, Frank R. Burns, Edwin C. Lenenga, Mel Gilman, and Dennis Allen, for recovery of delinquent personal property taxes assessed to the corporation and for damages for removal of property subject to a tax lien from the city's jurisdiction. Defendants Lenenga, Gilman and Allen moved for summary judgment of dismissal. Motion denied. Lenenga, Gilman and Allen appeal by leave granted. Affirmed.

*Street, Stevens, Schuler, Johnson, Hipkiss, Piasecki & Knowlton,* for plaintiff.

REFERENCE FOR POINTS IN HEADNOTE
19 Am Jur 2d, Corporations § 1357.

*Balgooyen, Daniels & Balgooyen, P. C.,* for defendants Lenenga, Gilman and Allen.

Before: McGregor, P. J., and D. E. Holbrook and N. J. Kaufman, JJ.

McGregor, P. J. This case comes before the Court on appeal from an interlocutory order of the trial judge who denied defendants' motion for summary judgment.

According to the amended complaint of the plaintiff, defendant Amec, Inc. owed personal property taxes to the City of Muskegon in the amount of $35,239.07. The individual defendants in this case were officers and directors of Amec, Inc. One of these individuals, Edwin C. Lenenga, acting on his own behalf and on behalf of the other officers and directors, approached the city to seek some sort of solution to the tax problem of Amec, Inc. The city agreed to forbear on its right to levy on the personal property of the corporation and, in turn, the corporation agreed to pay the delinquent taxes in installments.

After reaching this agreement, the officers and directors of Amec, Inc. caused the corporation to move property subject to the city's lien outside the jurisdiction of the city. The property was disposed of in a manner unknown to the plaintiff, but is believed to have been disposed of by the individual defendants without notice to or knowledge of the plaintiff. The individual defendants also caused Amec, Inc. to be dissolved.

The issue before us is whether a complaint stating that the individual directors and officers of a corporation disposed of the corporation's property, upon which a city's tax lien was attached, outside the city's jurisdiction, and stating that the same individuals also caused the corporation to be

dissolved leaving it without sufficient assets to meet its known outstanding debts, sufficiently states a claim upon which relief can be granted as against those directors and officers.

The Revised Judicature Act provides:

"Sec. 3605(1) Circuit courts have the power, and actions may be brought in the circuit courts:

\* \* \*

"(b) to compel persons to pay to the corporation which they represent, and to its creditors, all sums of money and the value of all property which they have acquired to themselves or transferred to others or have lost or wasted by any violation of their duties as directors, managers, trustees, or other officers;

\* \* \*

"(3) This jurisdiction may be exercised at the instance of the attorney general, prosecuting in the behalf of the people of this state, or at the instance of any creditor of the corporation, or at the instance of any director, trustee, or other officer of the corporation, who has a general superintendence of its concerns, or by any stockholder of the corporation."[1]

Additionally, the Business Corporation Act provides:

"Sec. 551.(1) In addition to any other liability imposed by this act or other law upon directors of a corporation, directors who vote for, or concur in, any of the following corporate actions are jointly and severally liable to the corporation for the benefit of its creditors or shareholders, to the extent of any legally recoverable injury suffered by such persons as a result of the action but not to exceed the amount unlawfully paid or distributed:

\* \* \*

"(c) Distribution of assets to shareholders during or

---

[1] MCLA 600.3605; MSA 27A.3605.

after dissolution of the corporation without paying, or adequately providing for all known debts, obligations and liabilities of the corporation."[2]

These two statutes, when read together, would permit a lien creditor to bring an action against the directors of a corporation for the dissipation of corporate assets during the process of dissolution in the face of known debts.

In plaintiffs' amended complaint, it is alleged:

(a) That there is money owing to the City of Muskegon in the form of delinquent taxes and this was known by the individual defendants in this case;

(b) That the individual defendants disposed of property outside the city's jurisdiction and caused the corporation to be dissolved, leaving it without sufficient assets to meet this known outstanding debt.

Thus, construing the city's amended complaint liberally, we hold that they have sufficiently alleged a cause of action under the above mentioned statutes.

The defendants contend that § 47 of The General Property Tax Act[3] is controlling. It provides in part:

"If any person, firm or corporation shall neglect or refuse to pay any tax assessed to him or them, the township or city treasurer, as the case may be, shall collect the same by seizing the personal property of such person, firm or corporation, to an amount sufficient to pay such tax, fees and charges for subsequent sale, wherever the same may be found [in the state], and from which seizure no property shall be exempt. * * * *The township treasurer, if otherwise unable to collect a tax on personal property, may sue the person,*

---

[2] MCLA 450.1551; MSA 21.200(551).

[3] MCLA 211.47; MSA 7.91.

*firm or corporation to whom it is assessed,* in the name of the township, village or city, and garnishee any debtor or debtors of such person, firm or corporation." (Emphasis added.)

The defendants argue that, since the corporation is uncollectible, the plaintiffs' suit is, in reality, a § 47 tax collection suit under a different guise and must, therefore, be controlled by § 47. Although their argument that § 47 is an exclusive remedy when the action is for the recovery of delinquent personal property taxes is sound law,[4] such is not the case here. The case of *Laketon Twp v Akeley,* 74 Mich 695, 697; 42 NW 165 (1889), states the limits of a § 47 action. It states that "when suit is brought *directly to recover the tax,* the statute is express that it must be brought against the person 'to whom it is assessed' ". (Emphasis added.) Here, the action is not being brought against the defendants *directly to recover the tax,* but, instead, plaintiffs' action can be said to seek damages for defendants' violation of their statutory duties. In this regard, it is important to note that the damages recoverable under § 3605 of the Revised Judicature Act, and § 551 of the Business Corporation Act are limited to the value of the property that has been improperly removed, while damages under § 47 of the General Property Tax Act are recoverable for the entire amount of the delinquent taxes. In this case, the evidence could conceivably show that the value of the property removed by the defendants is worth substantially less than the amount of the delinquent taxes and that, as a result, plaintiffs' recovery, if any, would be limited to the lesser amount.

Defendants would have this Court hold that

---

[4] *Bankers Trust Co of Detroit v Russell,* 270 Mich 568; 259 NW 328 (1935), *Detroit v Jepp,* 52 Mich 458; 18 NW 217 (1884).

directors and officers of a corporation who have knowledge of a valid tax lien could, nevertheless, without incurring any personal liability in the process, remove the property subject to the lien out of the taxing authority's jurisdiction, dispose of it, and then dissolve the corporation despite having knowledge that, by their actions, the corporation would be left without sufficient assets to meet its known debts. We believe that this result would be contrary to the express language of § 3605 of the Revised Judicature Act and § 551 of the Business Corporation Act, and also contrary to the legislative intent evident behind these statutes. To accept defendants' contentions would be to ignore the clear statutory liability as expressed in these sections. This we will not do.

Having decided that plaintiffs' amended complaint states a cause of action under § 3605 of the Revised Judicature Act and § 551 of the Business Corporation Act, we need not consider whether plaintiffs have also stated a claim upon which relief can be granted under common law principles.

Affirmed.